WATTS & WEDEMEYER v. THE STATE, *ex rel* W. G. W. JOWERS.

SUPREME COURT, GALVESTON TERM, 1884.

*Public Weighers.*—The first section of the act of April 19, 1879, as amended by the act of April 12, 1883, after providing for the appointment and election of public weighers, further provides that nothing contained in the act should be construed to prevent any other person from weighing cotton, wool or hides when requested so to do by the owner. This act does not purport to alter or amend the 7th and 8th sections of the act of 1879, but leaves them as originally enacted.

*Same.*—The 7th section prohibits under penalties, any person other than a public weigher or his deputy, from weighing any cotton, wool, &c., required to be weighed, sold, or offered for sale in any city having a public weigher duly qualified.

*Same.*—The 8th section renders it unlawful for any factor, commission merchant or any other person or persons, to employ any other person than a duly appointed and qualified public weigher or his deputy to weigh cotton, wool, &c. required to be weighed, sold or offered for sale in a city having a duly qualified public weigher. A violation of this section subjects the party offending to damages at the suit of the public weigher in any court having jurisdiction of the subject matter.

*Same.*—This 8th section however, contains a *proviso* to the effect that any owner shipping cotton or other produce mentioned in the act, to any city having a duly qualified public weigher, may, by written instructions, authorize his factor, commission merchant or agent, to have such produce weighed by private weighers if he so prefers, and in such cases the penalties provided shall not apply.

*Same.*—The object and intention of the 7th and 8th sections of the act of 1879, was to authorize the owner, by written order to authorize his agent or factor to employ private weighers, and so relieve them from the penalties prescribed. To do so, however, he was required to do so by written order to such factor or agent Neither the agent nor the owner could employ a private weigher in any other manner than that prescribed, *i. e.* by written order from the one to the other.

*Same.*—Note the opinion for facts shown in evidence whereunder the appellants were authorized, as private weighers to weigh the produce of an owner if the factor exhibited the proper writing; and were authorized to solicit such employment; wherefore in a proceeding of *quo warranto*, at the suit of the relator, the court erred in decreeing an ouster as against appellants. See the opinion in extenso on the question.

Appeal from Anderson County.

*Frank Reeves*, for the appellants.

*T. B. Greenwood*, for the relator, Jowers.

Opinion by Willie, C. J.

This was an information in the nature of a *quo warranto* brought by the State of Texas upon the relation of W. G. W. Jowers for the purpose of ousting the appellants from the office of public weigher of the city of Palestine, which it is alleged they were using and enjoying without authority of law. The relator had been duly elected to the office and was discharging its duties and receiving its emoluments, and he avers that the appellants were at the same time exercising all the rights of a public weigher, and had intruded into an office which he alone had the right to hold and enjoy.

Watts & Wedemeyer among other things pleaded that they laid no claim to the office, but weighed such cotton and other produce as they were requested by the owners to weigh, and did so in a private and not in a public capacity. The facts proven upon the trial showed that appellant Watts had held the office of public weigher down to the date at which Jowers qualified, and during that time had used certain blanks which, when properly filled, contained a re-

quest to him to weigh certain specified articles of produce. That these blanks were addressed to him as public weigher, and the certificate at the foot of these blanks showed the manner in which he had complied with the request, were signed by him officially. Jowers, since his induction into office, had used the same kind of blanks which were directed to him and signed by him in his official capacity. Watts had never, since Jowers came into office, laid any claim to it, but had formed a partnership with Wedemeyer, and the firm had placed a pair of scales upon the railroad platform at Palestine, and weighed cotton for such persons as requested his services in that respect. He had changed his blanks, and ever since his term of office expired they had been directed to Watts & Wedemeyer and signed by them, but not in any official character whatever.

The cause was submitted to the judge below, who rendered a judgment of ouster against the appellants, entered up a fine of one cent against them and directed their scales to be removed from the platform. From this judgment the present appeal is taken.

The first section of the act of April 19, 1879, as amended by the act of April 12, 1883, after providing for the appointment and election of public weighers, further provides that nothing contained in the act shall be construed so as to prevent any other person from weighing cotton, wool or hides when requested so to do by the owner or owners thereof. Acts of 1883, p. 83 and 84.

This act does not purport to alter or amend the 7th and 8th sections of the act of 1879, but leaves them as originally enacted.

The 7th section prohibits under penalties any person other than a public weigher or his deputy from weighing any cotton, wool, &c., required to be weighed, sold or offered for sale in any city having a public weigher duly qualified. The 8th section renders it unlawful "for any factor, commission merchant or any other person or persons to employ any other than a regularly appointed and qualified public weigher or his deputy to weigh" cotton, wool, &c., required to be weighed, sold or offered for sale in any city having a public weigher duly qualified, &c. A violation of this section subjects the guilty party to damages at the suit of the public weigher in any court having jurisdiction of the subject matter.

This section also contains a proviso as follows : "Provided any owner shipping any produce named in this act to any town or city having a public weigher may, by written instructions, authorize his

factor, commission merchant or agent to have such produce weighed by private weighers, if he prefers so to do, and in all such cases the prohibitions and penalties embraced in this section and in the preceding section, shall not apply."

It was the intention of the 7th and 8th sections of the act of 1879, to prohibit factors and commission merchants or other persons except the owner of the produce from having it weighed by any but a public weigher. It was intended to allow the owner to have it weighed by a private weigher, but for that purpose he must follow the plan prescribed by the act, viz: give written authority to his factor, commission merchant or agent, and this would justify the latter in making the employment and save him and the private weigher from the penalties prescribed in the two sections. The agent could not of his own motion employ the private weigher, neither could the owner do so. The authority must be granted by the one and the employment made by the other. For the purposes of this case it is not essential for us to decide whether the amendment of the first section of this statute by the act of 1883 changed the law in this respect or not. It certainly does not interfere with the right of the owner of produce to have it weighed by private persons, but if it has any effect, allows that to be done by a direct request of such owner without the intervention of a factor or commission merchant. But we do not now pass on that question, as it is not necessary for a decision of this appeal. The law then permits private parties to weigh cotton shipped to a city under certain circumstances, forbidding it if these do not exist. The appellants, if requested by a factor, who exhibited the written instructions to that effect, of the owner, were authorized to weigh the produce covered by such instructions, and as to it their powers were as great as those of the relator himself. This being the case we can see no reason why they should not be allowed to pursue the occupation of private cotton weighers, solicit business of the kind they were allowed to receive, and make the necessary preparations to comply with a legal request for their services in that respect, their business being confined to cases in which private weighing was allowable. There would certainly be no illegality in their soliciting owners in person or by letter for such employment, or in seeking it from factors who had received the necessary written instructions. The form or manner of the solicitation cannot be a matter of importance, and we

therefore, see no impropriety in their holding themselves out to the world as persons willing to do an act which the law expressly authorizes them to do. In order to perform such a duty when properly requested, it was necessary that they should be provided with scales and have them located at a convenient place, and the fact that the appellants were thus provided in this instance, showed no intention on their part of usurping the functions of the public weigher. They laid no claim to the office, and so far as the proof shows, exercised none of its duties except in so far as they were concurrent with those which as private weighers they were entitled to perform. There is no proof that they at any time weighed cotton or other produce which they had not been requested to weigh by a factor who was authorized by his principal to employ them. And if they had in some instances, as in a majority of them the law pointed out the remedy to be pursued by the public weigher as well as by the State authorities for such an infraction of its provisions, they might be punished for the wrongful acts committed by them, but not deprived of power to do such as were expressly authorized, which latter was the effect of the judgment below in the present case. The object of the statute was to protect owners of produce from the fraudulent conduct of their factors and agents, in rendering a false account of the weights of produce shipped to them. By allowing owners to select private weighers, it permitted them to waive their rights in this respect. The owner might repose more confidence in a private than a public weigher, or be able to have the work done at a lower rate by the former. But if parties are to be prevented from acting as such private weighers on the ground that they possibly go beyond the limit allowed by law and usurp some of the powers of public weighers, the owners of produce will be deprived of the privileges thus intended to be secured to them. It must have been the contemplation of the statute that just such an occupation as the one pursued by appellants would grow up under its provisions, for it requires some such preparations as they made, in order to be ready or able to comply with the request of parties to weigh such articles of produce as are mentioned in the statute. That they used blanks for the convenience of themselves and their employers, furnishes no proof of their usurpation of the office of public weigher, unless they purported to be used in an official capacity.

We think the court below erred in rendering judgment against appellants. The judgment is therefore reversed and rendered in their favor at the costs of the relator.