STATE *ex rel.* J. M. RICE, Respondent, v. W. P. SIMMONS, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Towns and Cities:** MEANING of TOWN. The word town as used in the section 2803, Revised Statutes, 1879, as amended by the act of March 23, 1881, includes cities of the fourth class.

2. **County Court:** ORDER OF, APPOINTING JUSTICE IN TOWNS FINAL. The action of the county court under section 2803, Revised Statutes as amended by the act of March 23, 1881, appointing a justice of the peace in a city of the fourth class on the ground of a medical spring being within five hundred yards of such city is judicial and final and cannot be disturbed, where its record discloses that it has determined, in a legal manner, the matters committed to its jurisdiction, and it is error for the circuit court in a *quo warranto* proceeding against such appointee to enter into the inquiry of the existence of such spring within such distance of said city.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

Statement of the case by the court.

This is a *quo warranto* proceeding, instituted in the circuit court of Jasper county, September 27, 1887, by the prosecuting attorney of said county, at the relation of J. M. Rice, against the defendant, a justice of the peace, of the city of Sarcoxie, Sarcoxie township, Jasper county, Missouri. The information is in the usual form, and alleges that defendant usurped the office of justice of the peace of the city of Sarcoxie, and was acting as such justice, and that under the laws of this state, no such office existed.

A writ of *quo warranto* having been issued and served, the defendant on the third day of October, 1887,

filed his answer to the information, in which he alleged his qualifications for the office of justice of the peace, and that under the act of the legislature, approved March 23, 1881, giving to towns of over one hundred inhabitants, and having a medicial spring in, or within five hundred yards of such town, an additional justice of the peace, and Sarcoxie being so situated, the county court of Jasper county had, on November 24, 1886, adjudged the city of Sarcoxie to be entitled to such additional justice of the peace, and had duly appointed and commissioned defendant as such justice, for the term of four years, and that having duly qualified by taking the oath of office, he had entered into the discharge of the duties of such justice, and was still continuing so to do.

The case was tried before the court without a jury, on the thirteenth day of October, 1887, and the court found the issues in favor of the plaintiff, and rendered a judgment of ouster against defendant.

The act of the legislature, Laws 1881, page 154, is as follows :

"Sec. 2803. Each municipal township, except as otherwise provided by law, shall be entitled to two justices of the peace, to be elected and commissioned in the manner hereinafter provided ; and in case there shall be in any such township an incorporated town or city having a population of over two thousand inhabitants, said town or city shall be entitled to one additional justice of the peace, who shall be a resident of such town or city. Provided, that in towns of one hundred inhabitants or more which may contain any medical spring or springs, the water of which may be used for its curative or supposed curative effects, or which may be situated within five hundred yards of any such spring, shall be entitled to a justice of the peace, in addition to the number which may be allowed by law to the township in

which said town may be situated, who shall be commissioned by the county court of the county in which said town may be, and shall possess the qualifications required by law for other justices of the peace, and shall take the same oath, possess the same jurisdiction and hold office for the same length of time, and be a resident of such town. Upon the taking effect of this act, the county court of the county, containing such town, shall appoint a justice of the peace for such town," etc.

The court refused the following declarations of law asked by the defendant :

"Number 1. The court declares the law to be that under the pleadings and evidence, the court will find the issues in favor of the defendant."

"Number 2. The court declares the law to be that if the court finds from the evidence that the county court of Jasper county, Missouri, did, on the twenty-fourth day of November, 1886, by its order entered of record, adjudge the city of Sarcoxie entitled to an additional justice of the peace by reason of its being a town containing more than one hundred inhabitants and which contained a medical spring, the water of which was used for its curative, or supposed curative effects, or which was situated within five hundred yards of any such spring, and that said court did on said day appoint the defendant as justice of the peace, to fill the vacancy in said office, and that defendant thereupon duly qualified for said office, and entered upon the discharge of the duties thereof, the court will find the issues in favor of the defendant."

"Number 3. The court declares the law to be that although the court may find from the evidence that the city of Sarcoxie is an incorporated city of the fourth class, yet if such city contains more than one hundred, and less than two thousand inhabitants, and contains a medical spring or springs, the water of which is used for its curative or supposed curative effects, or if such

city be situated within five hundred yards of any such spring or springs, then the said city is entitled to an additional justice of the peace under the provisions of section 2803, Revised Statutes, 1879, as amended by the act approved March 23, 1881; Session Acts, 1881, p. 154."

*Thomas & Hackney*, for appellant.

(1) The trial court erred in admitting evidence to contradict the finding of the county court as to the fact of the existence of the medical spring in, or within five hundred yards of Sarcoxie. Under the provisions of section 2803, Revised Statute 1879, as amended in 1881, the county court is invested with the exclusive jurisdiction to determine the facts, establish the office, and appoint and commission the justice. Sess. Acts, 1881, p. 154. And the order of the county court is judicial in its character, and is conclusive as to the existence of the facts which authorize the appointment of the additional justice. The circuit court had no jurisdiction in this proceeding to go behind the order of the county court, and determine whether or not the appointment should have been made. *State v. Goodwin*, 5 S. W. Rep. ( Tex.) 678 ; *State v. Weatherby*, 45 Mo. 19–21 ; *State v. Lingo*, 26 Mo. 496–500; *Foster v. Dunklin*, 44 Mo. 216 ; *Johnson v. Beasley*, 65 Mo. 250 ; *Scott v. Crews*, 72 Mo. 263 ; *State v. Evans*, 83 Mo. 319 ; *Railroad v. St. Louis*, 92 Mo. 166 ; *People v. Bearfield*, 35 Barb. ( N. Y.) 254 ; *Commonwealth v. Green*, 4 Whart. ( Pa.) 531 ; *People v. Carpenter*, 24 N. Y. 86; *State ex rel. v. Coffee*, 59 Mo. 59. (2) The court erred in refusing the third declaration of law asked by defendant. The words " town " and " city " are used synonymously in section 2803, Revised Statutes, 1879, and it was the evident intent of the legislature to make the amendment of 1881 applicable to cities having over one hundred, and less than

two thousand inhabitants, as well as to mere villages. Sess. Acts, 1881, p. 154. The term town has been aptly denominated the genus, and city the species. 1 Inst. 116. Blackstone says : " The word town is now become a generical term, comprehending under it the several species of cities," etc. 1 Black. Com. 114. And in New Jersey, where the constitution prohibited the passage by the legislature of any local or special laws ·"regulating the internal affairs of towns and counties," it was held that the word "towns" included cities. *Van Riper v. Parson*, 40 N. J. L. (11 Vroom) 4; *Pell v. Newark*, 40 N. J. L. (11 Vroom) 550; *Anderson v. Trenton*, 42 N. J. L. (13 Vroom) 487; *Commissioners of Charities v. McGurrin*, 6 Daly (N. Y.) 349; *State v. Goldstucker*, 40 Wis. 124.

*McReynolds & Halliburton*, for respondent.

(1) Even if there was a medical spring in the city of Sarcoxie, it being admitted that Sarcoxie was a city of the fourth class, at the time of defendant's appointment, the appointment was invalid; Webster's Unabridged Dictionary says : In the United States the circumstance, that distinguishes a town from a city, is generally that a city is incorporated with special privileges, and a town is not. See Webs. Unabridged Dict., 1860; 1 Bouv. Law Dict. (12 Ed.) p. 275; and 2 *Id.*, p. 603. The Session Acts, 1881, p. 154, does not authorize the appointment of a justice of the peace as it provides for appointment only in towns ; and in Missouri the legislature has made a distinction between the terms towns, cities and villages. R. S. 1879, ch. 89; Sess. Acts, 1887, p. 34. Sarcoxie, having organized as a city of the fourth class, cannot be put in the classification of towns. (2) In construing the act of 1881, the circumstances must be examined into. The act was undoubtedly intended for the benefit of such places as Sweet

Springs, Eldorado, Excelsior, etc., which at that time were coming into prominence as medical springs and were much resorted to, and not intended for every place that might be said to have a spring. *Selden v. Hall*, 21 Mo. App. 452; *St. Louis v. Herthel*, 14 Mo. App. 467. (3) The examination of the law, under which appellant claims to hold office (Sess. Acts, 1881, p. 154), shows that the fact of a town having a medical spring must be of such notoriety that the county court could act in appointing a justice without the requiring of evidence that the town contained such a spring, and the appointment is ministerial not judicial. *Matter of Saline County Subscription*, 45 Mo. 52.

ELLISON, J.—The statute quoted provides for two justices of the peace in each township of the state, and its evident meaning and purpose is to provide for an additional justice in such townships as contain an incorporated town or city of more than two thousand inhabitants, or which contains a town or city of more than one hundred inhabitants, having a medical spring within the boundaries, or within five hundred yards thereof. The required population of the town of the first instance, and the existence of a medical spring in the second, is sufficient to authorize the appointment of an additional justice. That portion of the section relating to medical springs is an amendment, and the cause of the amendment was probably the recognition by the legislature that a town containing a medical spring, though of less inhabitants than two thousand, would likely have a transient population sufficient to call for an additional officer.

The point is made that Sarcoxie is organized as a city of the fourth class, and that it is, therefore, not included within the word "town," as used by the statute. It is true that the statutes of this state in classifying cities, towns and villages, distinguishes them

by class. Revised statutes, 1879, page 868 ; but, not-withstanding this, we are not of the opinion that the words of the section under consideration were used with reference to such distinction.

We find the case of *Van Riper v. Parsons*, 40 New J. L. 1, so fully and satisfactorily covering this point, that we transcribe the language of the court in that case. The contention in that case was that the word, "towns," as used in the constitution, did not embrace cities. The court said : " But this argument is founded on the false basis of looking only at the letter of the law, and turning away from its spirit. It is true that if the letter of the law is absolutely unambiguous and definite and were susceptible of but a single meaning, the clause would have to be read in such sense, no matter to what futility it might lead. But such is not the case ; the word " town," has no such fixed signification as this, for though in its narrower sense it denotes something other than a city, in its broader scope it comprehends such a municipality. Mr. Tomlyn, in his law dictionary, under the title, " Town," says : " Under the name of a town or village, boroughs, and, it is said cities are contained, for every borough or city is a town." Lord COKE, in 1 Inst., 116, showing the capaciousness of the term, has this language : " And it appeareth by Littleton, that a town is a *genus*, and a borough is the species." Bouvier's definition of the word " city " is, " a town incorporated by that name." These authorities suffice to show that the term in question is sufficiently classic to take in, when put to some of its uses, the institution denoted by the term " city." Nor is the force of this consideration countervailed by the fact that some of the local governments in this state are incorporated under the designation of towns, and that others by the same means, are denominated cities." *Pell v. Newark, Ib.* 550 ; *Anderson v. City of Trenton,* 42 N. J. L. 487; *State v. Goldstucker,* 40 Wis. 124.

II.   We are furthermore of the opinion that the circuit court should not have entered upon an inquiry as to whether there was a medical spring within five hundred yards of the town of Sarcoxie.   The statute has designated the county court as the tribunal in which such matter is to be determined ; its action in that respect is judicial and cannot be disturbed, where its record discloses that it has determined, in a legal manner, the matters committed to its jurisdiction.   The effect of the action of the circuit court below is, that it has heard the testimony and tried, *de novo*, the matters determined by the county court, and which the latter court, under the statute, alone has power to determine ; such determination, too, being final.   *State ex rel. v. Goodwin*, 5 S. W. Rep. ( Texas ) 678 ; *State ex rel. v. Weatherby*, 45 Mo. 17 ; *State ex rel. v. Lingo*, 26 Mo. 496 ; *Scott v. Crews*, 72 Mo. 261.

The record disclosing that the proceedings in the county court were regularly had, resulting in the appointment of the defendant to the office of justice of the peace, the judgment will, with the concurrence of the other judges, be reversed.