### R. E. Davidson et al. v. T. H. Sadler et al.

#### Decided May 23, 1900.

**1. Public Weighers Act.**

The statute in regard to public weighers (Act Twenty-sixth Legislature, chapter 155, p. 264) was intended to do away with private weighing for others, in the instances specified therein, in places where there is a public weigher, except by the owner in person, and is not confined alone to transactions in which factors and commission merchants or their agents are engaged.

**2. Same—Injunction Against Private Weighers.**

The public weigher may prevent by injunction the weighing of cotton for others by private parties who, being insolvent, can not respond in damages.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. Marshall Surratt.

*Sandford & Lee* and *Boynton & Boynton,* for appellants.

*D. A. Kelley,* for appellees.

FISHER, Chief Justice.—Appellees, T. H. Sadler and B. E. Sparks, as plaintiffs, filed their petition in the District Court for the Nineteenth Judicial District, against appellants, R. E. Davidson and Bascom Brice, praying for an injunction restraining appellants from weighing cotton, sugar, hay, or grain for other persons, and for a judgment for damages.

Appellees set up that they were the duly elected and qualified public weighers for the city of Waco, in McLennan County, Texas, and that as such officials they were prepared and ready to serve the public, and that appellants were not public weighers or deputy public weighers, but were nevertheless carrying on the business of weighers and holding themselves out as weighers, and had a yard fitted up for that purpose in the city of Waco. On this petition a temporary injunction was granted.

Appellants answered by (1) general demurrer, (2) general denial, and (3) specially admitting that appellees were public weighers as stated, and also admitted that, prior to the issuance of said injunction, they had leased a yard and had fitted up the same and were weighing and handling cotton for farmers and merchants and were carrying on the

business of weighers in the city of Waco as a source of livelihood for appellants. They further alleged that they were not employed to weigh cotton for any factor, commission merchant, or other person or persons carrying on any such business or a similar business to that of a factor or commission merchant, but that they acted for farmers, merchants, and planters, and others owning cotton.

Appellants also alleged, that, prior to the enactment of the present public weigher statute, they and many others in Texas made their livelihood by yarding and weighing cotton, and that the law was unconstitutional and void, because it seeks to deprive them of their source of livelihood, and that, if appellees had any remedy under said law, it was not the remedy prayed for in this action.

Appellants also alleged that their method of doing business was to receive and store cotton and charge for yardage and weigh it, if requested, without charge. They set up their damages by reason of the injunction, and prayed that it might be dissolved and that they have judgment.

Appellees filed a supplemental petition alleging that the injury they complained of was continuing, and that the right of action against persons who employed appellants as weighers was wholly inadequate; that appellants were depriving appellees of the fees of their office and had admitted weighing cotton and charging for so doing, and that, unless appellants were restrained, the damages to appellees would be irreparable, as appellants were unable to respond in damages.

The case was tried before the court without a jury, and a judgment rendered in favor of appellees perpetuating the injunction.

The trial court filed conclusions of fact and law as follows:

"1. That the plaintiffs herein, T. H. Sadler and B. E. Sparks, were duly elected public weighers for the city of Waco, McLennan County, Texas, at the last general election, and that they have duly qualified as such by giving bonds and taking the oaths of office required by law, and that they have duly provided themselves with offices, at convenient places of easy access to the public, in which to perform their duties as public weighers, and were so engaged at the time of the suing out of the injunction herein, and are capable of attending to such duties, etc.

"2. I further find that the defendants herein, R. E. Davidson and Bascom Brice, are not public weighers, as defined or contemplated by the statute, nor have they or either of them been deputized to act as such.

"3. I further find that the defendants herein, during the month of September and up to the time of the suing out of the injunction herein, were engaged as private weighers in weighing cotton for other persons, which was sold or offered for sale in the city of Waco, in McLennan County, Texas, charging a compensation of 10 cents per bale for such weighing.

"4. I find that the defendants herein are insolvent.

"Conclusions of Law.—I find that the Act of the Twenty-sixth Legislature of the State of Texas, chapter 155, page 264, was intended to do

away with private weighing for other persons in the instances specified therein, in places where there is a public weigher, except by the owner in person, and the act intended to reach all classes who buy and sell the specified articles in places where there is a public weigher, and that the act is not confined alone to transactions in which factors and commission merchants or their agents are engaged.

"I further find that there is no adequate remedy at law to protect plaintiffs in the office of public weighers and that plaintiffs' damages would be irreparable in this case unless private weighing by the defendants is prevented by injunction. Hence the injunction heretofore granted is made perpetual."

We agree with the trial court in its conclusions of law and fact.

There was no error in overruling appellants' demurrers.

We can not agree with appellants in their contention that the law in question is unconstitutional. We think it was properly held by the trial court, under the facts as stated, that injunction was the proper remedy.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Application for writ of error was dismissed for want of jurisdiction.