## J. B. WHITFIELD v. TERRELL COMPRESS COMPANY ET AL.

### Decided May 18, 1901.

**1.—Public Weigher—Action for Penalty.**

Where, under General Laws, 1899, page 266, a public weigher sues for the statutory penalty for employing other persons than himself to weigh cotton, and his petition does not allege that defendants were not the owners of the cotton, or that the parties doing the weighing were not the servants of defendants, or that the cotton was weighed for the purpose of sale, no liability on the part of defendants is made to appear.

**2.—Same—Construction of Statute.**

Under the terms of the statute as to public weighers, forbidding "any factor, commission merchant, or other person or persons" from weighing certain produce sold or offered for sale, it must be held, the statute being highly penal in character, that "person or persons" means persons of the same class as factors and commission merchants,—persons to whom the produce is consigned or delivered for sale on commission.

Appeal from Kaufman. Tried below before Hon. J. E. Dillard.

*William H. Allen,* for appellant.

*Robert L. Warren* and *Davis & Garnett,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellant, a public weigher, to recover of the appellees the penalty of $5 a bale for cotton which the appellant alleged the appellees had employed others than the public weigher to weigh. A demurrer to the petition was sustained and judgment final was rendered against the appellant upon his declining to amend.

The material allegations of the petition are as follows: That plaintiff is and was at the dates hereinafter mentioned the duly elected, qualified, and acting public weigher for the town of Terrell in said Kaufman County, Texas, and as such public weigher plaintiff tendered his services to the public of said town for the purpose of weighing all cotton and other produce sold or offered for sale in said town, and was prepared with duly qualified deputy public weighers to weigh all such cotton or other produce sold or offered for sale in said town; that defendants, acting together and in violation of the law, employed Thomas Goolsby, B. S. Nebhut, and Henry Stevenson, neither of whom was a public weigher, to weigh cotton sold or offered for sale in the said town of Terrell, and the said Thomas Goolsby, B. S. Nebhut, and Henry Stevenson, acting

under the direct instruction, request, and employment of the Terrell Compress Company and of M. A. Joy, and while this plaintiff was, as aforesaid, the duly elected and qualified and acting weigher and was ready and willing to weigh all cotton sold or offered for sale in said town, weighed in the said town of Terrell from wagons 3237 bales of cotton sold and offered for sale there from the 5th day of September, 1899, up to and including the 28th day of September, 1899, as specified and itemized in schedule thereof hereto attached and marked exhibit "A" and made a part of this petition. That plaintiff can not give the names of the owners of said cotton, but the defendants have memoranda in their office and in their possession by which they can furnish the names of said persons, and they are hereby notified to produce said memoranda upon the trial of said cause. That in addition to the cotton weighed from the wagons above specified, this plaintiff is informed and believes, and so charges to be a fact, that the said defendant also employed Thomas Goolsby, B. S. Nebhut, and Henry Stevenson to weigh cotton shipped by railroad to the said town of Terrell from the points of Edgewood, Grand Saline, Wills Point, Mesquite, Forney, Crisp, Faulkner, Scurry, and Kaufman and sold and offered for sale in the said town of Terrell, and under said employment said Goolsby, Nebhut, and Stevenson weighed said cotton in said town of Terrell. That plaintiff is not able to state the precise dates on which said cotton was shipped by railroad and was unlawfully weighed as aforesaid by the said parties employed for that purpose by the said defendants, nor can he state the names of the persons for whom the said defendants had said cotton weighed, or the exact number of bales, but plaintiff is informed and so charges that said cotton amounted to 3000 bales, and the said defendants have such information in their possession, and they have memoranda and books and papers by which the precise number of bales and the dates of such weighing of cotton can be established and proven, and the said defendants are hereby notified and requested to produce upon the trial of this cause all such books, papers and memoranda. That such weighing of cotton shipped by railroad extended from a period beginning August 1, 1899 and continued up to and including the 31st day of December, 1899, during all of which time the plaintiff was, as aforesaid, the duly elected, qualified, and acting public weigher as above stated, and was ready and willing and was prepared to weigh in person and by his regularly appointed and qualified deputies all of said cotton. That at no time during said period were any of the said parties employed as aforesaid by the defendants public weighers, and at no time had they or any of them any authority to weigh said cotton.

Plaintiff charges that by reason of the premises the said defendants have unlawfully employed, as aforesaid, persons other than plaintiff or his deputies, to wit, the said Thomas Goolsby, Henry Stevenson, and B. S. Nebhut, to weigh cotton sold or offered for sale in the said town of Terrell in Kaufman County, Texas, to the amount of 6237 bales, whereby they have become liable to plaintiff in damages in the sum of $31,185.

The grounds of the demurrer were:

"1.   It does not appear therefrom that plaintiff is or was a public weigher for any precinct of Kaufman County, or that he was appointed by the Governor.

"2.   It appeals from said petition that the weighing was done by the defendant, the Terrell Compress Company, through its agents and employes, and the compress company was the weigher of the cotton, and did not employ the others to weigh the same within the meaning of the law.

"3.   As to the cotton weighed from wagons, no facts are alleged showing or tending to show the same to have been unlawful.

"4.   It is not shown that the cotton was weighed without the consent of the owner of owners of the same.

"5.   It is not shown that the defendants were either factors of commission merchants or persons similarly situated, cr with like powers or duties.

"6.   The petition is insufficient in law."

We are of the opinion that the action of the court below in sustaining the demurrer to the petition was correct.   The law concerning public weighers denounces the penalty against those who employ others than a public weigher to weigh cotton and other named produce sold or offered for sale, and is not directed against the person who weighs the produce. Gen. Laws 1899, p. 266.   In actions to recover a penalty strictness of pleading and proof are required.   The act under consideration is highly penal in its character, and it is only for a willful disregard of the law that its penalties should be inflicted.   The petition alleges that Goolsby and others, acting under the direct instruction, request, and employment of the defendant and M. A. Joy, who was alleged to have been its manager, weighed cotton sold and offered for sale, but it does not appear that the compress company was not the owner of the cotton, or that Goolsby and other named persons were not servants in its general employment, or that they were specially employed for the purpose of weighing cotton sold or offered to be sold.   There is no averment that the cotton was weighed in order to determine its weight for the purpose of sale.   Since the compress company, so far as the allegations of the petition show, may have weighed its own cotton for its own purposes, having its agents and servants to do the work, the petition was not sufficient to show a liability for the penalty denounced by the statute.   We are also of the opinion that the defendants do not come within the class of persons who are prohibited by statute from weighing cotton.   The persons forbidden are "any factor, commission merchant, or other person or persons."   By a familiar and well established rule of construction "other person or persons" means persons of the same kind or class of persons as factors and commission merchants, who are of the same kind or class, being persons to whom cotton or other produce is consigned or delivered for sale upon commission.   17 Am. and Eng. Enc. of Law, 278; Bucher v. Commonwealth, 102 Pa. St., 533.   But while the rule ejusdem generis can only be invoked as a rule of construction to ascertain the legislative intent,

it has peculiar force in a statute so penal in its character as the one under consideration, requiring as it does a strict construction. The purpose of the statute is not to protect the publich weigher in an office created for his benefit but, as had been said in previous construction by the courts of the same language in former acts, to protect owners of produce from the fraudulent conduct of their factors and their agents in rendering a false account of the weights of produce shipped to them. Watts v. State, 61 Texas, 187; Martin v. Johnson, 11 Texas Civ. App., 639; Smith v. Wilson, 18 Texas Civ. App., 24. These decisions were made construing the Act of 1879 as amended by the Act of 1883. See Laws 1879, p. 116; Laws 1883, p. 83. Section 8 of the Act of 1879 was not amended. It was the exact language of the Act of 1899 under consideration in naming the persons forbidden from weighing produce. Laws prior to 1899 had provided for weighing at the request or upon the written instruction of the owner, but that act is a repeal of all previous law, and omits any provision for weighing upon the instruction or at the request of the owner, providing however that nothing in the act "shall prevent any person from weighing his own cotton, wool, sugar, hay, or grain in person." This might be taken as a construction of the previous article defining the persons forbidden as meaning all persons except the owner of the produce, if it were not that it is as applicable to one construction as to the other, and that it was intended for the benefit of factors, commission merchants and persons of that class who might themselves own cotton or the produce mentioned in the statute, though strictly speaking they could not be factors and commission merchants with respect to their own produce. So, when it is considered what the purpose of the law was, that it is highly penal in its character and for that reason should be strictly construed against the penalty, that the identical words have been again used by the Legislature after they have received judicial construction as to what they mean, that by a well established rule of construction the words must mean other persons of the same class, and that there is nothing in the law inconsistent with this construction, the only reasonable construction that can be given to the act seems to be that the words "other person or persons" mean others of the same class as factors and commission merchants. The defendants do not come within such class. We are aware of the construction given the amendment of 1899 in Davidson v. Sadler (Texas Civil Appeals) 57 Southwestern Reporter, 54, but can not think that the Legislature ever intended to prevent ginners and warehousemen from weighing cotton for their customers, or farmers offering produce for sale from having it weighed by the purchaser, or by any person who may be willing to weigh it. If the Legislature had meant that all persons without restriction except public weighers and the owners in person should not weigh produce sold or offered for sale, it would not have used the words "factor, commission merchant, or other person or persons," but would have used only the one comprehensive word "person." The judgment will be affirmed.

*Affirmed.*