### ED. F. GALT v. DAVID HOLDER.

#### Decided May 30, 1903.

**Public Weighers—Unlicensed Weigher—Statute Construed.**

    The statute providing for the election of public weighers and declaring it to be unlawful for "any factor, commission merchant, or other person or persons," to employ other than the public weigher to weigh cotton, etc., intends, by the clause quoted, only persons engaged in a similar employment or occupation as factors and commission merchants, and does not prohibit a person engaged merely in buying cotton and in storing cotton for his customers and hauling it to the depot, from weighing the cotton. Session Laws 1899, p. 264. Davidson v. Sadler, 23 Texas Civ. App., 600, criticised and not followed.

Appeal from the District Court of Franklin. Tried below before Hon. J. M. Talbot.

*Glass, Estes & King,* for appellant.

*J. F. Jones* and *R. T. Wilkinson,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Plaintiff D. H. Holder filed his petition for writ of injunction on the 13th day of September, 1902, alleging that he was duly elected and qualified and acting public weigher of Franklin County, Texas, and was well equipped and prepared to receive and weigh all produce presented to him for weighing, and that he had scales and a cotton yard conveniently located in the town of Mount Vernon, and is capable to weigh and store all cotton and other produce offered to him for weighing. That some time after plaintiff was elected and qualified, the defendant, Ed. F. Galt, opened up a yard and commenced to weigh cotton and all other produce offered to him, and

solicited such weighing, and weighed all cotton and produce that he could get to weigh for farmers, merchants and other persons. Plaintiff alleged that the defendant had weighed enough cotton that would amount to about $310 in fees, that plaintiff would have earned had not defendant weighed as aforesaid. That the defendant had a yard in said town of Mount Vernon, and received and stored cotton and other produce. Plaintiff alleged that the injury complained of was a continuing one, and that the remedy afforded by law was inadequate to protect him. Plaintiff prayed for a writ of injunction restraining defendant from weighing cotton and other produce for the public, for damages, costs of suit, etc.

Defendant demurred generally and specially to the plaintiff's petition, and plead that he did not receive cotton from a commission merchant, factor or other person in like business, and that he was doing the business of a warehouseman and received cotton and stored it and weighed it, but did not charge anything for weighing, charging 25 cents per bale for storing and hauling cotton to the depot.

On the 18th day of September the court heard the petition in chambers, and continued the writ in force that had been granted on the filing of plaintiff's petition until the case was finally tried on the 14th day of December, which was at the fall term of the District Court of Franklin County, and upon said trial the writ of injunction was perpetuated, restraining the defendant from weighing produce not his own. From this judgment defendant appealed.

The trial court filed conclusions of fact as follows:

"That on the first Tuesday in November, 1900, the plaintiff, David Holder, was duly elected to the office of public weigher, at Mount Vernon, in and for Franklin County, Texas, and on the 24th day of November, 1900, he qualified in compliance with law, and the order of the Commissioners Court of said county establishing said office. That immediately thereafter plaintiff fitted up proper scales and appliances and a yard for the storage of cotton, for the purpose of weighing all cotton and other produce sold and offered for sale in said town of Mount Vernon, and has continuously, since qualifying as such, performed and stood ready to perform in person and by legally appointed deputies and assistants the official duties of public weigher, at Mount Vernon, in and for Franklin County, Texas, and has continuously maintained the scales and appliances necessary to weigh all cotton and other produce sold and offered for sale at said town of Mount Vernon, and has in every way complied with the law, and the order of said County Commissioners Court creating the office of public weigher at Mount Vernon, in Franklin County, Texas, and has continuously, since his qualification as such, been engaged in the performance of the duties of said office, and has weighed a large amount of cotton, and can weigh all the cotton sold, or offered for sale on the market at or shipped from said town of Mount Vernon, and for weighing cotton and storing the same in his cotton yard he charges only the sum of 25 cents for each bale, 10 cents of which

is for weighing each bale, balance for storage and hauling to depot. That on or about the 1st day of December the defendant Ed. Galt was buying cotton in Mount Vernon, Texas, and established scales and a storage yard for weighing and storage of cotton in said town, and has continuously maintained the same. That said defendant, upon the request of all parties selling cotton to him, or any other person, weighs the same to ascertain the weight of same, but has not and does not make any charge or deduction for, or receive any fee for same. That in addition to weighing the cotton purchased by himself, said defendant has weighed and continues to weigh all cotton offered to him in said town to be weighed for himself and other cotton buyers, but weighs it only upon request of the parties offering it, and has not and does not make any charge for weighing same; that after weighing said cotton he places the same in his storage yard where it remains stored until he receives direction to load it for shipment, and after keeping said cotton in storage and after moving it from his storage yard and loading it for shipment he charges and collects from whoever the owner of the cotton may be at the time, a fee of 25 cents per bale for the storage, moving and loading of said cotton. That said defendant did not handle any of said cotton on commission, and is not now, nor has he ever been, a factor, commission merchant, or engaged in a similar occupation or business.

"That since the service of the temporary writ of injunction he has refrained from weighing cotton. Both plaintiff and defendant collect 25 cents per bale, as a fee from the owner of the cotton at the time said bale of cotton is shipped out from Mount Vernon. The plaintiff charges 10 cents for weighing each bale of cotton and 15 cents for storing and hauling to the depot. Defendant charges 25 cents for each bale of cotton received and weighed by him for storing and hauling said bale of cotton to the depot in the town of Mount Vernon and placing the same on the platform for shipment."

*Conclusions of Law.*—The question presented for our determination is, did the court pronounce the proper judgment on these facts? This depends upon the construction to be placed upon the statute of 1899 in reference to public weighers. See Sess. Laws of 1899, p. 264; Laws of Texas, vol. 11, p. 266. The original act creating the office of public weigher was passed in 1879. It was amended in 1883. See Sayles' Civ. Stats., old ed., arts. 4088, 4089b. This act, as amended, was construed by the Supreme Court in the case of Watts v. State, 61 Texas, 187, in effect to authorize persons to engage in weighing cotton either for the owners or for factors with written authority from the owner. The object of this statute was stated to be to protect owners of produce from the fraudulent conduct of their factors and agents in rendering a false account of the weights of produce shipped to them. This court held in the case of Martin v. Johnson, 11 Texas Civ. App., 628, 33 S. W. Rep., 306, that the statute did not prohibit the owner of produce from procuring any one to weigh his produce when such owner is present. It was there

stated that the statute should be so construed as to accomplish this object, but it should not be given such a range as to interfere with the complete dominion of the owner over his property. The Act of 1899 omits the section of the Act of 1879 which prohibited all persons other than public weighers from weighing cotton. It re-enacted in substantially the same language the section which made it unlawful for factors, commission merchants or other person or persons to employ other than a public weigher to weigh produce. The expression "any factors, commission merchants, or other person or persons," used in article 4312 of the statute of 1899, means persons engaged in similar occupations or employment as factors and commission merchants. Whitfield v. Terrell Compress Co., 26 Texas Civ. App., 235, 63 S. W. Rep., 117. The statute does provide that nothing in the act shall prevent any person from weighing his own cotton in person. The trial court seems to have been of the opinion and so held, following the holding in Davidson v. Sadler, 23 Texas Civ. App., 600, 57 S. W. Rep., 54, that the statute of 1899 prohibits the weighing of cotton by any person whomsoever except the public weigher or the owner himself. If this construction of the law is sound, the effect of the statute is to require one who brings his produce to market to have it weighed by the public weigher although, for some good reason, he may object to such official handling his property. That although the owner be present, he can not merely observe or superintend the weighing of his produce, but must himself weigh it. As we have seen, such was not the purpose and intent of the original statute. Watts v. State, supra; Martin v. Johnson, supra. If this is the proper construction of the statute, then article 4314 is superfluous, for if all persons except public weighers were prohibited from weighing produce under any circumstances, then factors, commission merchants and men in such business would be thereby included, and it would therefore have been unnecessary to have specifically mentioned and prohibited them. The statute of 1899 does not, in our opinion, prohibit any person from weighing cotton or other produce tendered him to be weighed, and does not prevent any person from soliciting such business and equipping and maintaining a place for the transaction of such business, unless such person be a factor, commission merchant or person engaged in a similar occupation or business. This holding is in accord with the holding of the Court of Civil Appeals for the First District in the case of Whitfield v. Terrell Compress Co., supra, in which case a writ of error was refused by the Supreme Court.

It follows that there is error in the judgment, for which the same is reversed and here rendered for appellant.

*Reversed and rendered.*