YOUNG C. GRAY v. B. F. ELEAZER ET AL.

Decided June 13, 1906.

**Public Weigher—Penalty.**

In an action by a public weigher to recover the statutory penalty on account of others weighing cotton in his territory (Acts of 1889, ch. 155, p. 264) the petition must allege that the defendants were factors, commission merchants, or persons similarly situated, in order to bring the case within the statute.

Appeal from the District Court of Delta County. Tried below before Hon. R. L. Porter.

*Patterson & Sharp* and *Ewing & Boyd,* for appellant.

*Wood & Phillips,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellant being a public weigher in

Delta County, brought this suit against appellees to recover statutory penalties and punitory damages on account of the latter's weighing cotton for other persons and charging fees therefor in the territory wherein appellant was the public weigher. The petition did not charge that the defendants were factors or commission merchants, or persons engaged in a similar business. The trial court, following Whitfield v. Terrell Compress Co., 62 S. W. Rep., 117 and Galt v. Holder, 75 S. W. Rep., 568, held that on account of the omission referred to, the petition failed to state a cause of action and sustained a general demurrer interposed to it. That ruling is assigned as error, appellant contending that the statute upon which the suit is based was properly construed by this court in Davidson v. Sadler, 23 Texas Civ. App., 601. That case seems to be in conflict with the two latter cases just referred to, in both of which the Supreme Court refused applications for writs of error. The question involved in this case was the only question involved in Galt v. Holder, supra, and the action of the Supreme Court in refusing to grant a writ of error elevates that decision to the dignity of final authority. Hence we hold that the trial court ruled correctly when it sustained the general demurrer to the plaintiff's petition. Judgment affirmed.

*Affirmed.*