PASCHAL v. INMAN.

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1912. Rehearing Denied Nov. 23, 1912.)

WEIGHTS AND MEASURES (§ 8*) — PRIVATE WEIGHMASTERS.

The statutes creating the office of official weigher do not prohibit private persons from weighing produce, but only forbid factors, commission merchants, etc., from weighing the cotton of others consigned to them for sale; nor is such private weighing forbidden by the amendment of 1905 (Acts 1905, c. 84, Rev. Civ. St. 1911, art. 7834), requiring private weighers, doing business where there are no public weighers, to give bond for faithful performance of their duties in lesser amount than required of public weighers.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 10; Dec. Dig. § 8.*]

Appeal from Wood County Court; R. W. Simpson, Judge.

Suit by Sam Paschal against Hugh Inman. From a judgment dissolving a temporary injunction, plaintiff appeals. Affirmed.

J. H. Beavers, of Winnsboro, for appellant. Wilkerson & Wilkerson, of Mt. Vernon, for appellee.

RASBURY, J. Appellant, Sam Paschal, the duly elected and qualified public weigher of justice precinct No. 4, of Wood county, filed this suit against appellee, Hugh Inman, to enjoin him from conducting the business of private weigher in that precinct, and to recover damages in the sum of $1,000. The agreed facts show the election and qualification of Paschal; that Inman is engaged in same precinct as a private weigher; that he is not a factor or commission merchant, or engaged in a like occupation, nor engaged in buying or selling cotton or other produce; that appellant, Paschal, has been damaged, as claimed, if appellee was unlawfully conducting the business of private weigher. The trial judge issued a temporary restraining order; but upon motion by appellee, and upon a hearing of the evidence, the same was dissolved.

As indicated, the proceeding assails the right of appellee to conduct the business of private weigher in a precinct where there is a duly elected and qualified official weigher. The several legislative acts by which the office of official weigher was established have been often construed, and the decisions of our appellate courts have been uniform, with one exception. The cases all hold that owners of produce may engage others than official weighers to weigh same, which is held to include the right of private persons to perform such services for the owners. As construed, the statutes forbid only factors, commission merchants, and persons pursuing similar occupations from weighing the cotton of others consigned to them for sale, the inhibition against that class of persons being made to protect owners against false and fraudulent accounts, and decline to go further on the ground that to do so would interfere with the owner's complete domain over his property. Watts v. State, 61 Tex. 184; Johnson v. Martin, 75 Tex. 33, 12 S. W. 321; Martin v. Johnson, 11 Tex. Civ. App. 628, 33 S. W. 306; Ex parte Hunter, 34 Tex. Cr. R. 114, 29 S. W. 482; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; Whitfield v. Terrell Compress Co., 26 Tex. Civ. App. 235, 62 S. W. 117; Galt v. Holder, 32 Tex. Civ. App. 564, 75 S. W. 569; Davis v. McInnis, 35 Tex. Civ. App. 594, 81 S. W. 75; Gray v. Eleazer, 43 Tex. Civ. App. 417, 94 S. W. 911; Hedgpeth v. Hamilton, 128 S. W. 709; Hedgpeth v. Hamilton (Sup.) 140 S. W. 1084.

The amendment of 1905 (Acts 1905, p. 117; article 7834, R. S. 1911) contains nothing indicating any intention on the part of the Legislature to depart from the rule announced by the courts. The amendment provides, in substance, that in future all private weighers, doing business in places where there are no public weighers, shall in effect give the bond in lesser amount now required by public weighers, conditioned that he will faithfully perform his duties and turn over all produce weighed, etc. This amendment, as we construe it, means nothing more than to afford owners of produce a bonded weigher in those places where there is no appointed or elected official weigher, and in no sense intended to deprive the owner of employing the private weigher to weigh his produce, if he chose to do so.

The pleading and evidence discloses no material difference between this case and those above cited, and hence we feel it our duty to follow the settled rule.

The judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes