PERRY v. CARLISLE et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 23, 1912.)

1. WEIGHTS AND MEASURES (§ 8*)—PUBLIC WARES—ACTIONS TO ENJOIN OTHERS—PETITION.

Where plaintiff's petition to enjoin an unauthorized weigher alleged that plaintiff was duly elected public weigher for the precinct of the county in which the town was located, and that he duly qualified and received his commission, it was not subject to general demurrer for failure to allege that the office of public weigher was created by the commissioners' court of the county, and that necessary steps to the creation of said office had been taken by the voters in the precinct.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 10; Dec. Dig. § 8.*]

2. WEIGHTS AND MEASURES (§ 8*)—PUBLIC WEIGHERS — SUIT FOR INJUNCTION — PETITION.

Under Rev. Civ. St. 1911, art. 7828, which supplanted Sayles' Ann. Civ. St. 1897, art. 4308, providing for the appointment of public weighers of produce offered for sale in towns, and omitted the provision of the former act that nothing shall be construed so as to prevent any other person from weighing the articles mentioned when requested by the owners thereof, and in view of Pen. Code 1911, art. 996, providing that no one except the regularly appointed weigher or his deputy shall weigh any cotton, wools, sugar, or hides required to be weighed, sold, or offered for sale in any city having a public weigher, the petition of a public weigher seeking to enjoin an unauthorized weigher need not allege that the weighing was not done at the request of the owner in order to entitle him to a preliminary injunction, the criminal statutes showing that it was the policy of the law to protect the public weigher, and the fees of his office and the last pronouncement of the Legislature having omitted that qualification.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 10; Dec. Dig. § 8.*]

3. WEIGHTS AND MEASURES (§ 8*)—PUBLIC WEIGHERS—PETITION—"TOWN."

The petition of a public weigher who sought to enjoin an unauthorized weigher from weighing produce which alleged that the plaintiff was the public weigher for the town of S. is not deficient for failing to allege that S. was a city; the word "town" being a generic word which includes cities, boroughs, and villages.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 10; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 8, pp. 7019–7029.]

4. WEIGHTS AND MEASURES (§ 8*)—PUBLIC WEIGHER—RIGHT TO INJUNCTION.

Under Pen. Code 1911, art. 996, providing that it shall be unlawful for any person except a regularly appointed weigher or his deputy to weigh any cotton, wool, sugar, or hides required to be weighed, sold, or offered for sale in any city having a public weigher, the public weigher of a municipality is entitled to enjoin an unauthorized weigher who set up his establishment just outside the municipality, so as to weigh property bought and offered for sale therein.

[Ed. Note.—For other cases, see Weights and Measures, Cent. Dig. § 10; Dec. Dig. § 8.*]

Appeal from District Court, Dickens County; Jo A. P. Dickson, Judge.

Action by C. H. Perry against J. W. Carlisle and the Farmers' Union Cotton Yard. From an order dissolving a preliminary injunction, plaintiff appeals. Reversed and remanded.

See, also, 151 S. W. 1158.

Dalton & Russell, of Plainview, and R. S. Holman, of Spur, for appellant. B. D. Glasgow, of Spur, for appellees.

PRESLER, J. This is a suit for injunction brought by appellant (plaintiff in the court below) on the 19th day of September, 1912, seeking to restrain appellees from weighing cotton, wool, sugar, or hides for the public, sold or offered for sale, and from weighing cotton, wool, sugar, or hides for other persons in the town of Spur, in precinct No. 3, Dickens county, Tex. Appellant in his original petition, among other things, alleged that on the 8th day of November, A. D. 1910, the day of the last general election for state, county, and precinct offices in Texas, he was duly elected public weigher for precinct No. 3, in Dickens county, Tex.; that the town of Spur is situated in said precinct; that he duly qualified and received his commission as such public weigher on or about the 21st day of November, A. D. 1910, and that he has continuously been and now is such public weigher, acting as such, and has been continuously and is well equipped and prepared to receive, store, and weigh all cotton and produce presented to him for weighing; that he had and has scales and a cotton yard conveniently located in the town of Spur, and was and is capable of weighing, and offering to weigh, all cotton and storing all cotton and other produce offered to him for storing and weighing at convenient places of easy access to the public, and that he charged and charges ten cents per bale for weighing and five cents per bale for marking cotton; that at the time he was elected and so qualified the appellees had opened up a yard in the town of Spur, Tex., and commenced to weigh cotton and all other produce offered to them, and solicited such weighing and weighed all cotton and produce they they could weigh for farmers, merchants, and other persons, and have continued and now are so doing and carrying

on the business of weighing in the town of Spur, and holding themselves out to the public as such, and charging a compensation of ten cents per bale for weighing cotton; that appellees are not and never were public weighers or deputy public weighers for Spur, Tex., or Dickens county, or any part thereof; that appellees have weighed enough cotton to amount to about $400 in fees that appellant would have earned but for appellees, who have received, stored, and weighed cotton at their yard all along and are doing so now, and threatening to continue so to do indefinitely, and will so do unless restrained, to appellant's irreparable injury and damage, which injury is a continuous one, and that he has no adequate remedy at law; that there are about 5,000 bales of cotton alone weighed at Spur each cotton season from September 1st to April 1st, and to recover the legal penalties would require a multiplicity of suits, and, owing to the manner of handling the cotton, it is impossible to get the names of the owners weighing and sue them, and that the right of action against persons who employ appellees as weighers was and is inadequate; that appellees are depriving appellant of the fees of his office, and admit weighing cotton, and that they intend to continue to and are persisting in the same and charging for such weighing, and that, unless appellees are restrained, the damage to appellant will be irreparable, and that appellees are unable to respond in damages; that the cotton and produce weighed by appellees and threatened and solicited to be weighed was not that authorized by written instructions from owners shipping it to Spur, authorizing their commission merchant, factor, or agent to have said cotton and produce weighed by private weighers, and that appellees were not and are not intended to be the owners of the cotton and the produce that they have weighed and threatened and intend to weigh, said petition being duly verified by affidavit of appellant.

[1] Upon ex parte hearing of said petition the court in vacation granted the injunction as prayed for, and, appellant having filed bond as required by the order of the court on the same date, a writ of injunction was issued and served on appellees, commanding them to "desist and refrain from weighing cotton, wool, sugar, or hides, sold or offered for sale in the town of Spur, Tex. and in precinct No. 3, Dickens county, Tex., for others than yourselves, until further order of said court"; the writ being made returnable to the ensuing term of the district court on the 25th day of November, 1912. From the order granting said writ of injunction appellees herein duly prosecuted their appeal to this court, which cause is here docketed as No. 357. Appellees at the same time, to wit, on the 23d day of September, 1912, filed their verified answer, and also a motion to dissolve the writ of injunction in the court below. Thereafter, to wit, on the 5th day of October, 1912, appellant by leave of the court filed his first amended original petition, pleading therein substantially as in his original petition, except that in his first amended original petition appellees are alleged to have "opened up a yard in the city of Spur, Tex., or just outside of the present incorporated limits, on south side of railroad track, but still in the town of Spur proper, the city being incorporated about April, 1911," stating, also, that he charges 10 cents per bale for weighing cotton. Appellant also on the same date (5th of October, 1912) filed his answer to appellees' answer and motion to dissolve, excepting to appellees' said answer, and specially answering that appellees are not, and never were, warehousemen, and did not act in that way, but as public weighers, as alleged, and that they did the weighing as alleged in appellant's petition, and that appellees are still going ahead weighing cotton, and that it would not injure them if the injunction granted was continued until final hearing, but that to dissolve the same would greatly damage appellant, and in support of said answer attached and made a part of the same the affidavit of T. J. Harkey, together with the exhibits thereto attached and made a part thereof. On the same day (5th of October, 1912) appellees filed their answer and counter affidavits of J. W. Carlisle and Will Taylor by way of replication to appellant's answer, controverting the facts alleged in appellant's said answer. Thereafter, on the 11th day of October, 1912, upon due notice of said hearing, the court proceeded to hear the motion of appellees to dissolve the temporary injunction theretofore granted on September 19, 1912, stating that he heard the same upon plaintiff's first amended original petition, the answer of appellees, and upon the pleadings and affidavits as hereinbefore stated, and that said affidavits were all the evidence introduced on the hearing, and proceeded to grant an order dissolving said injunction and carrying the main case over until the next regular term of the district court of Dickens county, Tex., for final hearing, at the request of appellant, and awarding the costs of said motion to dissolve in favor of appellees. From this order dissolving said temporary injunction appellant herein duly appeals in the present case. At a former day of this term motions were presented, both in this cause and in cause No. 357, heretofore referred to, signed and joined in by all parties to this controversy, asking that said cases be set for hearing on the same date and considered together, for the reason that the two are practically the same case between the same parties and involving the same questions, which motions have been granted. Said cause No. 357, styled J. W. Carlisle et al., Appellants, v. C. H. Perry, Appellee, 151 S. W. 1158, is here considered

with the present case, and we find the decisive questions necessary to be considered, both in the disposition of this case and of cause No. 357, concisely presented in appellees' brief herein. And the first contention as therein stated, to the effect that the original petition of appellant upon which said writ of injunction was granted, is insufficient, in that the same does not allege that the office of public weigher for precinct No. 3 in Dickens county, Tex., was ever created by the commissioners' court of said county, or that any necessary steps to the creation of said office had ever been taken by the voters of said precinct. We think the allegations contained, both in said original and in plaintiff's first amended original petition, sufficient on general demurrer to show that the office of public weigher for precinct No. 3 in Dickens county existed, and that appellant was the legal incumbent of said office on the dates alleged in his petition, and that it was not necessary for the purposes of this petition to allege compliance with the statutory proceedings under and by virtue of which such office is created; the allegations of the petition to which this contention relate being as follows: "That on the 8th day of November, A. D. 1910, the day of the last general election for state, county, and precinct offices in Texas, plaintiff was duly elected public weigher for precinct No. 3 in Dickens county, Tex., and in which precinct the town of Spur. is situated; that he duly qualified as such and received his commission as such officer on or about the 21st day of November. A. D. 1910, and he has continuously since been and is now such public weigher."

[2] Appellees' second contention is that both appellant's original and first amended petition are deficient and subject to general demurrer in not alleging that the weighing of which appellant complains was not done at the instance or request of the owner or owners of the cotton weighed, and that said owners were not present and supervising said weighing, contending that the owner had the right to have his cotton weighed by any weigher he chose, and in support of this contention cites us to the cases of Hedgpeth v. Hamilton Warehouse Company (Sup.) 140 S. W. 1084; Whitfield v. Terrell Compress Co., 26 Tex. Civ. App. 235, 62 S. W. 116; Galt v. Holder, 32 Tex. Civ. App. 564, 75 S. W. 568; Watts & Wedenmyer v. Jowers, 61 Tex. 184; Ex parte Hunter, 34 Tex. Cr. R. 114, 29 S. W. 482; Martin v. Johnson, 11 Tex. Civ. App. 628, 33 S. W. 306; Gray v. Eleazer, 43 Tex. Civ. App. 417, 94 S. W. 911. This contention of appellees' is no doubt based upon the proviso contained in title 90, art. 4308, Sayles' Texas Civil Statutes (General Acts of 1883, p. 83), as follows: "Provided nothing herein contained shall be construed so as to prevent any other person from weighing cotton, wool or hides when requested so to do by the owners thereof." As this proviso, which in part gives support to some of the opinions cited by appellees, was subsequently repealed and was omitted from the statutes before the filing of this suit (see General Acts 1899, p. 264; Revised Statutes of Texas 1911, art. 7828), we conclude that it was not incumbent upon appellant to allege in his said petition that the weighing complained of was not done at the request of the owners of said cotton, and upon a review of the entire law relating to public weighers, as prescribed by the statutes, in force at this time, and at the date of the matters complained of in appellant's petition, the same being contained in title 132, Revised Civil Statutes of Texas 1911, and chapter 8, tit. 14, Revised Criminal Statutes of Texas 1911, we are of the opinion that both the original and the first amended original petition of appellant (the latter considered in connection with the affidavits and exhibits shown by the record in support thereof) were sufficient in all respects to authorize the issuance and continuance of the temporary writ of injunction granted, and that the court below erred in dissolving the same; it being evidently the purpose of article 996, Revised Criminal Statutes 1911 (577 former Code), to protect the public weigher or deputy in the fees of his office by making it unlawful for any other person to weigh any cotton, wool, sugar, or hides required to be weighed, sold, or offered for sale in any city having a public weigher duly qualified, and to follow the Supreme Court in the case of Hudspeth v. Hamilton Warehouse Company, above cited, and the Court of Civil Appeals in Whitfield v. Terrell Compress Co., and other cases cited by appellant, we would have to ignore the existence and application of this article of the Penal Code to the facts of this case, which we do not feel constrained to do. We think that both the original petition, upon which the temporary writ was granted, as well as the first amended petition, negatives any ground allowed by the statute upon which the weighing done by appellees and complained of by appellant could be legally authorized, and asked only that appellees be restrained in such weighing for the public and for other persons as is in our opinion clearly under the statute illegal, and that such acts on the part of appellees constituted an invasion of appellant's legal rights and an injury to his rights of property, such as authorized the issuance of the writ as originally granted and a continuance of the writ upon the showing made on hearing of appellees' motion to dissolve. Davidson v. Sadler, 23 Tex. Civ. App. 600, 57 S. W. 54; title 132, Revised Civil Statutes of Texas 1911; article 996 (577), Revised Criminal Statutes of Texas 1911.

[3] Nor do we think there is any merit in appellees' various contentions to the effect that the city of Spur is referred to in appellant's original petition as "the town of Spur," and that it is not alleged in said petition to be a city by incorporation or otherwise. The word "town" is a generic word. Of this

genus cities and boroughs are species. N. Y. L. B. R. Co. v. Drummond, 46 N. J. Law, 644–646. Mr. Tomlin in his law dictionary says: "Under the name 'town' or 'village' boroughs and cities are contained; for every borough or city is a town." State ex rel. Rice v. Simmons, 35 Mo. App. 374–380.

[4] It further appears from the amended original petition, answer, and affidavits attached filed by appellant with leave of the court, in reply to appellees' answer and motion to dissolve, together with the supporting affidavits filed by appellees, that the town of Spur was a city incorporated in April, 1911, and that the cotton yard of appellees was not situated within the corporate limits of said city, but was located across and near the south line of the same, and upon this appellees base the contention that the weighing complained of was not done in the town or city of Spur, and does not fall within the inhibition of article 996, Revised Criminal Statutes of Texas 1911, which statute, however, in our opinion, does not make the contemplated offense consist of the weighing being done in the city, but in the weighing of any cotton to be weighed, sold, or offered for sale in the city having a public weigher duly qualified. That is, in other words, the location of the yards where the weighing was done is immaterial as to whether it is in the city or not if the cotton in question was required to be weighed for the purpose of being sold or offered for sale in any city having a public weigher duly qualified. In this instance the uncontroverted evidence, as shown by the affidavits referred to, shows that appellees' cotton yard was situated in close proximity, but outside of the incorporated limits of the city and operated for the purpose of weighing cotton sold and intended to be sold in said city, located, adjoining, and close by, which it is also to be noticed was located in the precinct of which appellant was the duly qualified public weigher. Nor do we think that the injunction granted against appellees restrains them from the weighing of any cotton or other specified produce which they have the right under the law to weigh as private weighers. By the terms of said writ of injunction, appellees are commanded to refrain from weighing cotton, wool, sugar, or hides sold or offered for sale in the town of Spur, Tex., and in precinct No. 3, Dickens county, Tex., for others than for themselves. We therefore conclude that the writ in question was properly and legally granted upon the petition upon which the court acted, and that upon the showing made on the hearing of the motion to dissolve that the court erred in sustaining said motion, and that the same should have been continued in effect until the final hearing in term time, and upon a like showing at such final hearing the writ should be perpetuated.

It is therefore ordered that said judgment of dissolution be and the same is hereby reversed, and the writ heretofore granted is ordered continued in force as above stated, and that the costs in this court and in the court below be taxed against appellees, and that this cause be reversed and remanded for further proceedings in accordance with this opinion, and it is so ordered.