# Loeb & Weil *v.* Richardson.

*Bill in Equity by Widow, against Administrator, for Exempt Personal Property.*

1. *Exemption of personal property, in favor of widow; priority over other claims.*—The claim of the surviving widow to an exemption of personal property in the estate of her deceased husband, as secured to her by statute (Code, §§ 2825-26), is paramount to the rights of the personal representative for the general purposes of administration, and to pre-

ferred debts of the estate; but it does not override liens created by law, or by the contract of the husband while in life.

2. *Judicial notice of matters connected with crops.*—The court takes judicial notice of facts which are matters of common knowledge,—" so common that all persons must be presumed to be cognizant of them;" as, that a crop of cotton has been planted, and was growing but immature, on the 13th May, and that it was still immature on 20th June.

3. *Administrator's statutory authority to complete and gather crop.*—An administrator has statutory authority " to complete and gather " a crop planted and commenced by the decedent while in life (Code, §§ 2439-40), which necessarily includes the incidental power to procure and furnish means necessary to that end; and the crop thus made becomes assets of the estate, "the expenses of the plantation being deducted therefrom."

4. *Same ; expenses of crop ; rent and advances ; exemption to widow.* Where the intestate had executed a note and mortgage on his crop, to be grown on rented lands, with other personal property, for advances to be made to enable him to make the crop, and died while the crop was growing but immature ; and one of the mortgagees thereupon took out letters of administration on his estate, and completed and gathered the crop with moneys furnished by them; he has the right to reimburse himself out of the first proceeds of the crops, but not under the mortgage, for the moneys thus furnished and expended; and must then pay the rent, if any is due, and the debt for advances made to the intestate himself under the mortgage; and these debts are paramount to the widow's right of exemption in the personal assets of the estate.

5. *When widow, claiming exempt personal property, may come into equity.*—" The court will not say there may not be cases in which equity would interfere, at the instance of the widow, to enable her to make her selection of exempt personal property and have it made available;" but, when her bill fails to show any remissness, undue delay, or other dereliction of duty on the part of the administrator, it is without equity.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. THOS. M. ARRINGTON.

The appeal in this case is sued out from a judgment or decree of said court, sitting in equity, overruling a motion to dismiss the bill for want of equity; and that decree is assigned as error. The facts are stated in the opinion of the court.

SAYRE & GRAVES, for the appellants.—The bill is wanting in equity. If the complainant has any right of exemption in the crops, it is a legal right, and can only be asserted in the Probate Court,—*O'Conner v. Chamberlain,* 59 Ala. 431; *Gilbert v. Dupree,* 63 Ala. 331; *Janney v. Buell,* 55 Ala. 408. The widow has no right to any part of the personal property, until she has made her selection from the property included in the inventory (Code, § 2825); yet the bill does not allege that any inventory has been filed. If the administrator failed or refused to return a proper inventory, the Probate Court had authority to compel him; and if the widow was prevented from making a selection by any act of his, her remedy was by *mandamus.* But it is insisted that, before the widow can claim any part of the crops as exempt, the expenses incurred in making and gathering them, and the advances made under the

[Loeb & Weil v. Richardson.]

mortgage, must be first paid.—Code, §§ 2439-40.   There is no allegation in the bill that these prior charges have been paid, nor that any balance will remain after they have been paid.

SMITH & MACDONALD, and TROY & TOMPKINS, *contra.*—The complainant's right to select personal property of the estate of her deceased husband, to the amount of $1,000, as exempt from administration, can not be questioned.   The bill alleges that she has applied to the administrator to be allowed to make the selection, and that he has refused to allow it; and it states facts which show that, by his fraudulent conduct, he has placed the property beyond his reach.   Until she has made her selection, the widow has no title to any specific property, on which she can maintain an action at law.—*Tucker v. Henderson*, 63 Ala. 280.   Nor has the Probate Court any jurisdiction of the selection and allotment.—*Ex parte Reavis*, 50 Ala. 212.   If the complainant can not have relief in a court of equity, the bill presents the anomaly of a right without a remedy.

STONE, J.—In January, 1883, Julius Richardson executed two mortgages to Loeb & Weil, to secure to them the payment of two notes, amounting to four hundred and fifty dollars, with a provision for further advances, to the extent of one hundred dollars.   These, to enable Richardson to make a crop on the plantation of which he was tenant.   The subject of the mortgage was the crops to be grown, four mules, and a wagon.   About 15th May, 1883, Richardson, the mortgagor, died, intestate; and on 20th June, 1883, Michael Loeb, of the firm of Loeb & Weil, was appointed administrator of the estate.   He, the administrator, proceeded to complete the crop, making, as is averred, both cotton and corn, which he has in possession, or in possession of Loeb & Weil.

The bill in this case was filed on 29th November, 1883, by the widow of Richardson, the mortgagor, against Loeb as administrator, and against Loeb & Weil as partners.   It avers that, at the time of Richardson's death, he had obtained only fifty dollars of advances on his mortgages, and that the administrator continued to obtain advances from himself and partner, to make the crop.   It then avers that the administrator had no legal authority to obtain advances under the binding security of the mortgages.   The prayer of the bill is, that the defendants be coerced to produce the assets of the estate, that the widow may select therefrom the one thousand dollars in value of personal property, which the statute exempts for her benefit. The bill avers that decedent left no lineal descendant; leaving only a widow, without child.

As we understand the theory on which this bill was filed, it

[Loeb & Weil v. Richardson.]

claims that after the fifty dollars of advances obtained on the mortgage security, by Richardson in his life-time, the widow's claim of exemption is the next preferred claim. This is an entire misapprehension of the law. True, the widow's exemption, as a general rule, overrides the rights of the administrator, for general purposes of administration. Its claims are paramount to those of preferred debts, as between her and the claimants of such debts. But such claim does not override liens created either by the law, or by the contract of her deceased husband, entered into in his life-time. There is no law prohibiting the husband from incumbering his personal property, independently of any objection his wife can interpose.

Drawing our conclusions from knowledge which must be regarded as common—so common that all persons must be presumed to be cognizant of it—we hold that when Richardson died, May 15, the crops had been planted, were growing, but had not matured ; and that they were still immature, when the administration was committed to Loeb, June 20. The crop being "commenced by the decedent," the administrator was authorized to "complete and gather" it.—Code of 1876, § 2439. Being clothed with this power, he was incidentally and necessarily clothed with the power of procuring and furnishing the means necessary to that end. The crop thus made became assets of the estate, "the expenses of the plantation being deducted therefrom."—Code, § 2440. The administrator may sell the crops at private sale.—Code, § 2441.

Applying clear principles to this case, we hold, that the administrator was authorized to furnish supplies reasonably necessary to complete and gather the crop commenced by the decedent, and to reimburse himself therefor, out of the first proceeds of the crop; second, to pay rents of the lands, if any due ; third, to pay out of the residue of the crop, if any, and out of the other mortgaged property, any sum that may be due on the mortgages. Under this third head, however, he can claim nothing under his mere mortgage lien, for advances made after the death of Richardson. His claim for these must come in, if at all, under the first head, above noted. If, after satisfying these claims, there is any thing left, the widow's claim of exemption is next in order. At that stage, she has a clear right to make her selection, of the undisposed of residuum.

We will not say there may not be cases in which chancery would interpose, to enable the widow to make her selection, and to have it made available. It is the duty of the administrator to perform the functions above pointed out, within a reasonable time. Should there be remissness, undue delay, or other dereliction of duty, it is possible chancery would interpose and grant relief, as in many other cases connected with

administrations. The bill found in the present record makes no such case. It was filed about, or before, the time the harvest of the cotton crops is usually completed. No charge is made, or can reasonably be made, that the administrator had unduly delayed in the performance of his duties, above enumerated. The bill is wanting in material averments, and was prematurely filed. The motion to dismiss should have prevailed; and, under the facts set forth, it is not susceptible of amendment, so as to give it equity.

The decree of the City Court, sitting in equity, is reversed, and a decree rendered, dismissing complainant's bill, but without prejudice to her right to file another bill, should the occasion arise.

Reversed and rendered.