## J. E. Smith et al. v. H. Wilson.

### Delivered January 20, 1898.

**1. Judgment—Presumption as to Dismissal of Party.**

The failure to render judgment against one of the parties who had died before the trial does not prevent the judgment from being final for purposes of appeal, and it will be presumed in support of the judgment that there was some action of the court dismissing as to such party.

**2. Reconvention—Dismissal of Suit.**

The dismissal by plaintiff of his action after defendant has filed a plea in reconvention does not have the effect to dismiss such plea.

**3. Same—Jurisdiction of Amount.**

A court which has jurisdiction of an injunction suit has jurisdiction of a plea in reconvention for wrongfully suing out the injunction, although the amount claimed in the plea is below its jurisdiction.

**4. Same—Injunction Bond—Judgment Against Sureties.**

The sureties on an injunction bond need not be cited to answer a plea in reconvention for wrongfully suing out the injunction, in order to authorize the court to render judgment against them for damages sustained by defendant.

**5. Public Weigher.**

A private weigher may weigh cotton at the oral request of the owner, and a written request is necessary only where the weighing is done by private weigher for factors, commission merchants, or other persons to whom produce has been shipped by the owner. Articles 4308 and 4089, Revised Statutes, construed.

**6. Pleading—Damages for Injunction—Public Weigher.**

An allegation in a plea for damages for restraining defendant by injunction from weighing cotton without written orders of the owners, that in consequence of such order defendant was required to obtain from the owners their written request to weigh the cotton, thus impeding him in his business and subjecting him to loss of time and injury to a specified amount, states a cause for damages sufficient to authorize the introduction of evidence in support thereof.

ERROR from Houston. Tried below before Hon. A. B. WATKINS.

*Adams & Adams,* for plaintiffs in error.

*Nunn & Nunn,* for defendant in error.

GARRETT, CHIEF JUSTICE.—Plaintiff in error, J. E. Smith, brought suit in the District Court of Houston County against the defendant in error, H. Wilson, for an injunction and for damages. Plaintiff alleged that he was the duly elected and qualified public weigher of Houston County, having his office at Crockett, and was the only public weigher for said county; that the city of Crockett received less than 25,000 bales of cotton annually for sale and shipment; that defendant had established an office near the railroad depot at Crockett with platform and fixtures for weighing cotton, and that since plaintiff's qualification, and though not a public weigher, or deputy, or authorized by law, had weighed about 5000 bales of cotton before and since the institution of this suit, in violation of plaintiff's right, which he alleged to inure and to be exclusive in him to weigh cotton in said town, by reason of the fact that he was the public weigher and the defendant was not; that the defendant solicited parties to weigh their cotton and charged therefor, and gave samples and receipts therefor, and delivered such cotton so weighed by him to commission merchants, brokers, and merchants, without any written orders from the owners of the cotton. Plaintiff presented his petition to the district judge, who granted a preliminary writ of injunction, "enjoining the defendant from weighing cotton, as prayed for, where the same was not done by written instructions of the owner authorizing his factor, commission merchant, or agent to have his cotton weighed by defendant," which was issued and served upon the defendant. The defendant answered the petition, and after general denial of the plaintiff's cause of action, alleged that plaintiff kept a warehouse and had received cotton for shipment and storage as other merchandise and farm products, and that he also, as a part of the business, ran a dray or wagon hauling freight to and from the depot, and otherwise conducted a warehouse, and did a forwarding and receiving business for the accommodation of the public; that he had weighed cotton and other produce and merchandise only in the course of his business and by the request of the owners thereof; that he had handled no cotton or other produce except for those desiring him to do so, and when brought to his warehouse for and by those owning an interest in the same; therefore, he said, he had violated no law, nor had he in any way interfered with complainant or his business. He further alleged that the injunction had been wrongfully sued out whereby he was restrained from weighing cotton, and in consequence he was required to obtain from the owners of all cotton, who desired him to weigh the same, their written request therefor, thus impeding him in his business and subjecting him to loss of time and injury, to his damage $1000, for

the recovery of which he pleaded in reconvention. After the defendant's plea in reconvention had been filed the plaintiff attempted to dismiss his suit, and the judgment of dismissal was entered by the court, but afterwards, at the same term, the defendant filed a motion to reinstate the case because of his plea in reconvention, and the motion was granted. There was a trial by the court without a jury, and judgment was rendered in favor of the defendant on his plea in reconvention against the plaintiff and the sureties on his injunction bond, except S. D. Thompson, for the sum of $300, the full amount of the bond and costs. It does not appear from the record that any order was made by the court dismissing Thompson from the suit, or otherwise disposing of him. This writ of error has been prosecuted by the plaintiff and the sureties upon his injunction bond except Thompson.

There is no statement of facts, and only one error has been assigned for a reversal of the judgment, which is as follows: "The court erred in rendering any judgment for damages in favor of defendant Wilson, because his plea in reconvention set up no such damages as were recoverable under the law, and set up no facts for any liability for damages by reason of the injunction or the injunction bond."

Plaintiffs in error further contend that there is fundamental error in the record, because the District Court had no jurisdiction to render judgment on the bond, which was for a less sum than $500, and because one of the sureties on the bond was not disposed of by the judgment, and also because the reinstatement of the case was made without notice, the cause being not then pending.

In the case of Wilson v. Smith, 17 Texas Civil Appeals, 188, it was held that the judgment in this case was a final judgment, and that it might be presumed that for some reason, as the death of Thompson, which was shown in that case, no judgment was rendered against him. Reference is made to the opinion in that case for the authorities sustaining the conclusion that it would be presumed, in support of the judgment, that some action of the court was had dismissing as to Thompson. There was no error in reinstating the case. It ought not to have been dismissed after the defendant's plea in reconvention had been filed, and the dismissal by the plaintiff of his cause of action did not have the effect to dismiss the defendant's plea in reconvention. Hoodless v. Winter, 80 Texas, 641; Akard v. Insurance Co., 34 S. W. Rep., 139. The court, having had jurisdiction of the suit, and the injunction bond having been executed for the purpose of obtaining the injunction, had jurisdiction of the plea in reconvention, notwithstanding the fact that the amount was less than $500. It was not necessary to cite the sureties to answer the plea in reconvention in order to authorize the court to render judgment against them, for such damages were shown to have been sustained by the defendant. Sharp v. Schmidt & Ziegler, 62 Texas, 264. If the defendant's plea in reconvention was good on general demurrer it would have been sufficient to sustain the

judgment.  The injunction granted restrained the defendant from weighing cotton unless he had a written request from the owners of the cotton to do so.  The action of the court in granting the injunction was predicated article 4089, Revised Statutes 1879, but we are of the opinion that the Act of 1883, which is article 4308 of the Revised Statutes of 1895, is consistent with the article above cited, and that construed together it is clear that a private weigher might weigh cotton at the oral request of the owner thereof, and that a written request was only necessary when the weighing was done by private weighers for factors, commission merchants, or other persons to whom produce had been shipped by the owners.  As said by the court in Watts v. Jowers, 61 Texas, 187, the object of the statute last cited was to protect owners of produce from the fraudulent conduct of their factors and their agents in rendering a false account of the weights of produce shipped to them, and the amendment is clearly intended to give private weighers the right to prosecute their business and weigh cotton at the request of the owners.  Since, therefore, the injunction restrained the defendant from doing a thing it was lawful for him to do, it was legally obtained, and if the plea in reconvention stated a good cause of action for damages, the judgment of the court below must be sustained.  The allegation of the defendant was, that in consequence of the order restraining him from weighing cotton without a written request, he was required to obtain from the owners of all cotton who desired him to weigh the same their written request therefor, thus impeding him in his business and subjecting him to loss of time and injury to him to the amount of $1000.  While this allegation may not have been sufficient on special exception, yet we think it states a cause for damages sufficiently to authorize the introduction of evidence in support thereof.  We are therefore of the opinion that the judgment of the court below should be affirmed.

*Affirmed.*

### MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—In our disposition of this case at a former date of this term, we held that the judgment was a final judgment, and that it might be presumed that for some reason, as the death of Thompson, no judgment was rendered against him, and referred to the case of Wilson v. Smith, 17 Texas Civil Appeals, 188, and the authorities cited in the opinion of the court.  The authorities there cited are as follows:  Gullett v. O'Connor, 54 Texas, 408; Burton v. Varnell, 5 Texas, 139; Houston v. Ward, 8 Texas, 124; Alston v. Emmerson, 83 Texas, 231.

We are of the opinion that the motion for rehearing should be overruled.

*Overruled.*

Application for writ of error dismissed by the Supreme Court.