## JOHN BARR v. JOHN R. CARDIFF.

### Decided May 20, 1903.

**1.—Judicial Notice—Growing of Rice.**

Since courts will take judicial notice of the phenomena of vegetable life and growth, they may take such notice of the fact that rice can not be cultivated and grown to maturity without water.

**2.—Contract to Procure a Tenant Construed.**

A contract by which defendant agreed to rent plaintiff's land to a tenant who could carry himself with feed, provisions, etc., and plant 400 acres in rice, did not bind that the land should in any event be planted, but only that a tenant would be secured able to carry himself and to so plant, and where the failure to plant arose solely from the inability of a water company to supply the tenant with water, defendant was not liable.

**3.—Garnishment—Grounds Not Existing—Belief.**

Where the ground upon which plaintiff's garnishment was sued out did not exist in fact, it was, as to plaintiff's liability for the actual damages caused thereby, immaterial that plaintiff's agent who made the affidavit therefor believed in its existence.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*L. B. Moody,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover damages for an alleged breach of that part of a contract between the parties set out in our conclusions of fact. A writ of garnishment was also sued out and served in the cause.

The defendant denied the breach of the contract, and plead that he did everything in its performance that he obligated himself to do, and plead in reconvention damages for wrongfully suing out the garnishment. The question as to whether the contract was broken was the crucial issue in the case. It was submitted to the court without a jury, and determined in favor of the defendant, and from the judgment rendered against the plaintiff he has appealed.

In a contract for the sale of a certain tract of land, entered into between the parties on January 21, 1901, in which contract the defendant is referred to as "party of the first part," and plaintiff as "party of the second part," as a part of the consideration for the sale, the following paragraph occurs: "First party hereby agrees to rent said land to a good, reliable tenant, who can carry himself with feed, provisions, etc., and to plant not less than 400 acres of land to rice this year, the rent of said land to be one-fifth of the crop delivered at the thresher, the tenant to pay the water rent in addition to this rental."

The plaintiff alleged as his cause of action the failure and refusal of the defendant to carry out his promise and obligation to rent said

land for plaintiff to a tenant as thus provided, and that by reason thereof the land was not planted in rice during that year. That had defendant complied with his obligation, plaintiff would have received by way of rental for said land, according to the terms of the contract, 800 bags of rice, each weighing 162 pounds, and each of the reasonable value of $3 per bag, and that by reason of defendant's default he did not receive said rice or any part thereof, to his damage in the sum of $2400.

The undisputed evidence shows that the defendant did for the year 1901 rent the land for plaintiff to a good, reliable tenant, who could carry himself with feed, provisions, etc., to plant not less than 400 acres of the land in rice for that year; that the tenant, in pursuance of the contract of rental, went into possession of the premises, entered into a contract with the Raywood Canal Company to furnish water for the purpose of planting and cultivating said number of acres of land to rice; that after the tenant had planted a part of the land, the canal company notified him that it was unable to and would not furnish the supply of water for its cultivation. There being no other means of procuring water necessary to the cultivation of the land under the contract, the tenant, with his employes, ceased planting, and in consequence no rice was grown on the premises.

It is the contention of plaintiff that because the tenant to whom the land was rented did not plant the 400 acres, he is entitled to recover from the defendant the damages sued for. If rice could not have been cultivated and grown without water, it were useless for the tenant to plant it after he ascertained that water would not and could not be supplied for that purpose. Under such facts the tenant would simply have lost the rice planted, as well as the time and labor of himself and employes, had he planted the rice, and the plaintiff would in no way have been benefited. There is nothing in plaintiff's position that there is no evidence tending to show that rice can not be cultivated and grown without water. The contract contemplates and provides for a water rental to be paid for by the tenant. Besides, courts will take judicial notice of the phenomena of vegetable life and growth. To illustrate: It is held that judicial notice will be taken of maturity and immaturity of the cotton crop on certain dates. Loeb v. Richardson, 74 Ala., 311. Judicial notice will be taken of the general course of agriculture. Floyd v. Rix, 14 Ark., 286, 58 Am. Dec., 374. They will take judicial notice of facts of unvarying occurrence. Dixon v. Nicholls, 39 Ill., 372, 89 Am. Dec., 312. In Meyers v. Menter, 88 N. W. Rep., 662, the Supreme Court of Nebraska took judicial cognizance of the fact that in the latitude of that State potatoes, sugar beets and turnips are not spontaneous products of the soil. We see no reason, if it were necessary, why courts of Texas should not, under the principle of evidence stated, take judicial notice of the fact that rice can not be planted, cultivated and grown to maturity without water.

When the contract is construed in the light of its nature and purpose,

we do not think that it intended to bind the defendant that the land should in any event be planted. Its fair intendment was that he should only furnish a tenant able to provide himself with provisions, etc., who would agree to and was able to plant not less than 400 acres of the ground in rice during the year. We therefore conclude that the court did not err in holding that the plaintiff was not entitled to recover in his action against the defendant.

The evidence shows that the ground alleged by plaintiff for suing out the writ of garnishment did not in fact exist, and that by reason of the wrongful suing out and service of the writ the defendant was actually damaged in the amount found by the trial court. As the ground for the writ did not exist, it is a matter of no moment that plaintiff's son, an agent who made the affidavit therefor, believed its existence.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.