PEGUES MERCANTILE CO. v. BROWN.

(Court of Civil Appeals of Texas. El Paso. Feb. 29, 1912. Rehearing Denied March 20, 1912.)

1. GARNISHMENT (§ 248*)—WRONGFUL ISSUANCE—DAMAGES.

Garnishment being a statutory remedy, where the grounds on which the writ is issued in fact exist, defendant cannot recover either actual or exemplary damages as for wrongful issuance thereof.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 470; Dec. Dig. § 248.*]

2. MALICIOUS PROSECUTION (§ 13*)—WRONGFUL ISSUANCE OF GARNISHMENT WRIT.

That garnishment writs were sued out maliciously and for the sole purpose of injuring defendant affords no cause of action where it is not claimed that the writs were wrongfully or unlawfully issued without probable cause, and the truth of the affidavit on which they were based is not impeached.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 13–15; Dec. Dig. § 13.*]

3. GARNISHMENT (§ 251*)—WRONGFUL ISSUANCE—EXEMPLARY DAMAGES.

Exemplary damages are not allowable for wrongful garnishment unless the writ was issued without probable cause and maliciously.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

4. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

Where defendant pleaded improper issuance of garnishment writs by a cross-complaint, an instruction that if plaintiff sued out the writs for the purpose of collecting its debt, then the jury should find for plaintiff, was properly refused as ignoring defendant's right to recover on its cross-action if the writs had been wrongfully issued without probable cause and maliciously.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

5. GARNISHMENT (§ 248*)—WRONGFUL ISSUANCE—EFFECT OF AGREEMENT.

Where plaintiff in an action of debt sued out writs of garnishment, and defendant, by cross-action, claimed damages for the improper issuance of the writs, an alleged agreement by plaintiff to extend the time for payment of the claim, which defendant alleged had been violated, had no bearing on defendant's right to recover damages for the unlawful suing out of the garnishment, if any.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 470; Dec. Dig. § 248.*]

6. EVIDENCE (§ 471*)—CONCLUSION OF WITNESS.

Where defendant, by cross-action, sought to recover damages for the alleged unlawful suing out of garnishment writs, evidence that the suit had damaged defendant several times the amount involved therein was inadmissible as a conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

7. GARNISHMENT (§ 251*)—WRONGFUL ISSUANCE—EVIDENCE.

Where defendant claimed garnishment writs were unlawfully sued out and demanded damages therefor, the court did not err in admitting in evidence the affidavits, bonds, writs, and answers in the garnishment cases.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. § 251.*]

Appeal from Martin County Court; J. Turner Vance, Judge.

Action by the Pegues Mercantile Company against S. P. Brown. Judgment for defendant on a counterclaim, and plaintiff appeals. Reversed and remanded.

R. N. Grisham, for appellant. A. L. Green and Jno. B. Howard, for appellee.

HIGGINS, J. Appellant filed suit in county court of Martin county against S. P. Brown upon an open account amounting to $215.95 for goods, wares, and merchandise sold to the appellee, and ancillary thereto sued out writs of garnishment against Joe Ainsworth and A. W. Sears which were served upon the garnishees, who answered, admitting certain indebtedness to the appellee. The affidavits upon which the writs were issued stated that the debt sued for was just, due, and unpaid, and that the defendant had not within the knowledge of the affiant property in his possession within this state subject to garnishment sufficient to satisfy the debt, and contained the other statutory allegations. The defendant answered by general and special exceptions, general denial,

and cross-action over against appellant for damages in the sum of $995 alleged to have been sustained by him by reason of the garnishment proceedings. Upon trial before jury, a verdict was returned in favor of the appellee upon his cross-action for the sum of $675 upon which judgment was rendered after deducting the amount of appellee's debt to appellant.

Briefly summarized, the cross-action of appellee for damages alleged the filing of the affidavits and bonds in garnishment, issuance of the writs thereon, and service thereof; that appellee was a minister of the gospel, and his reputation for paying his honest and just debts had always been good, and that appellant sued out said writs of garnishment maliciously and for the sole purpose and with the intent to injure and harass appellee, and that such malicious acts did injure defendant's character, his financial standing and credit to the amount of $995, for which amount he sued in reconvention. The cross-action contained further allegations with reference to an alleged agreement with appellant to accept the note of appellee payable at a future date in payment of the account sued upon, which agreement had been violated, but these allegations have no bearing upon the questions presented by this appeal regarded by us as material to a correct decision herein. The court overruled a general demurrer to appellee's cross-action for damages, and error is assigned to this action of the court.

The cross-action does not allege the wrongful or unlawful issuance of the writs, nor in any wise impeach the truth of the affidavit upon which the writs are based.

[1] The remedy by garnishment is a statutory one, and, where the grounds upon which the writ is sued out in fact existed, appellee would not be entitled to claim either actual or exemplary damages. Gallagher v. Goldfrank, 75 Tex. 562, 12 S. W. 964.

[2] There being no allegation showing the wrongful issuance of the writs, the court erred in overruling the demurrer of appellant to the cross-action.

[3] Actual damages are recoverable where garnishment writs are wrongfully issued, and, in order to authorize a recovery of exemplary damages, they must have been wrongfully issued without probable cause and maliciously. There is no allegation in the cross-action that the writs were issued without probable cause. In the absence of allegations showing the wrongful issuance of the writs and the want of probable cause, the cross-action failed to state facts sufficient upon which to predicate a recovery of either actual or exemplary damages.

The trial court also erred in that portion of its charge to the jury complained of in the third assignment of error, because it wholly ignored the question of whether or not the writs were wrongfully issued and whether or not there was probable cause, and authorized the jury to assess damages in case they believed only that the writs were sued out for the purpose of injuring and harassing, and did injure and harass, the defendant.

There was no error in that portion of the court's charge referred to in the fourth assignment of which appellant can complain, because it was more favorable to it than the law authorized.

[4] Appellant complains of the refusal of the court to give a special charge which reads as follows: "If you believe from the evidence that Pegues Mercantile Company sued out the writs of garnishment for the purpose of collecting their debt, then you will find for the Pegues Mercantile Company." This charge was correctly refused, as it wholly ignores the right of appellee to recover upon his cross-action if the writs had been wrongfully issued without probable cause and with malice. Special charge No. 3 requested by appellant was also properly refused.

[5] The sixth special charge was also properly refused. The alleged agreement to extend the time of payment had no bearing whatever upon the right of appellee to recover actual damages if the writs were unlawfully sued out, and exemplary damages if, in addition to being unlawfully sued out, malice and want of probable cause concurred.

The twelfth assignment of error is also sustained. The objection that the telegram was not properly proven is well taken, as is also the objection that its contents were hearsay.

[6] The court also erred in permitting the appellee to testify that this suit had damaged him several times the amount involved therein, the same being a mere conclusion of the witness.

The testimony of appellee referred to in bill of exception No. 3 would be properly admissible as tending to show malice in a proper case. The testimony of the witness Walker would likewise be admissible in a case supported by a proper petition. The testimony of the witness Crowder would also be admissible 'as tending to show injury to the character and financial credit of appellee.

[7] The court did not err in admitting in evidence the affidavits, bonds, writs, and answers in the garnishment cases.

This disposes of all questions material to a determination of this appeal. Those not disposed of by what has been said above should not arise upon a new trial.

Reversed and remanded.