HEIDEMANN et al. v. MARTINEZ et al.
(No. 5417.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1915.)

1. COURTS ☞121 — JURISDICTION — DISTRICT COURT—AMOUNT IN CONTROVERSY.

A district court, acquiring jurisdiction of a garnishment suit, has jurisdiction over all matters connected with the subject-matter thereof, including cross-action below the jurisdictional amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 413–426, 428, 437, 450, 452, 458, 459, 466; Dec. Dig. ☞121.]

2. GARNISHMENT ☞251 — WRONGFULLY SUING OUT GARNISHMENT—DAMAGES.

Attorney's fees and expenses in attending court to procure relief against a garnishment wrongfully sued out are not recoverable as damages.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. ☞251.]

3. GARNISHMENT ☞251 — WRONGFULLY SUING OUT GARNISHMENT—EXEMPLARY DAMAGES.

Exemplary damages are not recoverable for wrongfully suing out a garnishment, unless sued out without probable cause and maliciously.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. ☞251.]

4. GARNISHMENT ☞251 — WRONGFULLY SUING OUT GARNISHMENT — DAMAGES — PETITION.

Where the petition for damages for wrongful suing out of garnishment did not allege the nature of expenses incurred, nor allege any other damages recoverable, the petition did not support any judgment for damages, unless the allowance of interest would follow as a matter of law under the prayer for general relief, on the court finding that the suing out of the garnishment was wrongful.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 471–475; Dec. Dig. ☞251.]

5. APPEAL AND ERROR ☞705 — REVIEW — STATEMENT OF FACTS.

Where the court heard evidence as to the reasonableness of compensation allowed in garnishment wrongfully sued out, the allowance will not be disturbed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2943; Dec. Dig. ☞705.]

Error from District Court, Bexar County; W. F. Ezell, Judge.

Action by H. Kanner against Santiago Martinez and another, with Solomon Dalkowitz and another as garnishees, and action by the same plaintiff to restrain garnishees from paying out money, in which Santiago Martinez and another intervened. From a judgment for the garnishees, and for Santiago Martinez and another on their plea of intervention, against plaintiff and the sureties on his garnishment bond, plaintiff and sureties bring error. Affirmed in part, and reversed in part.

Leonard Brown, of San Antonio, for plaintiffs in error. Don A. Bliss, Dan Lewis, and W. S. Anthony, all of San Antonio, for defendants in error.

MOURSUND, J. Plaintiffs in error seek the revision of a judgment rendered in case No. 5545, filed in the district court of the Thirty-Seventh district and transferred to the Seventy-Third district. Said case was docketed upon the suing out of a writ of garnishment in case No. 5544, wherein H. Kanner, as plaintiff, sued Santiago Martinez and Anastacia Martinez for damages in the sum of $760. The garnishment proceeding was against Solomon Dalkowitz and Samuel Dalkowitz, who by their answer, filed on May 6, 1913, admitted the execution of a promissory note to Santiago Martinez and Anastacia Martinez for $600, dated January 20, 1913, due March 4, 1913, bearing 8 per cent. interest, which note was given in part payment for a certain parcel of land which was the home of Martinez and wife, and so occupied and used by them, and was conveyed by them to garnishees. They alleged that they were entitled to a credit upon said note of $136.38 on account of state, county, and city taxes paid by them, and the cost of an abstract of title paid for by them; that, for the purpose of preventing garnishees from paying said note to Martinez, the plaintiff, Kanner, represented to garnishees that he had a valid

claim against said land and against Martinez and wife, and urged garnishees not to pay said note, and threatened them with suit if they should do so, and finally presented to the judge of the Thirty-Seventh district court a petition for an injunction to restrain garnishees from paying such money, and thereby prevented them from paying the money when due; that thereupon Martinez sued garnishees on said note, and thereby caused attorney's fees amounting to about $50 to accrue against garnishees, which Martinez is seeking to enforce against garnishees, as well as costs of suit; that the writ of garnishment was secured for the purpose of preventing garnishees from paying said note, and it did prevent them from doing so, which resulted in said suit being brought against garnishees by Martinez and the accrual of said attorney's fees. Garnishees prayed that Martinez and wife be made parties, and that it be determined to whom the fund should be paid, and averred their readiness to pay it to whomsoever the court should adjudge it to belong; that they recover their costs and reasonable compensation for answering, which they alleged at $120; and also prayed for general relief.

On May 23, 1914, Martinez and wife filed a plea of intervention, alleging that the note was given them in part payment for a parcel of land which was their home; that garnishees were ready, willing, and able to pay the note when due, but, for the purpose of preventing such payment, the plaintiff, Kanner, falsely represented to them that he had a valid and subsisting claim against the land and against interveners, and urged garnishees not to pay said note when due, threatening them with suit if they should do so, and finally presented a petition to the judge of the Thirty-Seventh district court for a writ of injunction to restrain them from paying such money, and thereby prevented garnishees from paying over such money when due; that on March 15, 1913, plaintiff, Kanner, sued interveners, alleging that they were indebted to him in the sum of $760 as unliquidated damages for the alleged violation of a certain contract whereby interveners had agreed to convey to him the land conveyed by interveners to garnishees; that said cause is still pending; that afterwards plaintiff brought this suit; that both suits were brought by Kanner for the sole purpose of hindering and delaying interveners in the collection of the money due them by the garnishees, and by his conduct he prevented garnishees from paying such note; that said suit against interveners for $760 damages was not and is not a just, valid, or legal claim against interveners, but was and is wholly fictitious, pretended, and colorable only, and on its face shows that garnishment cannot be based thereon; that by reason of the conduct of said Kanner in bringing the said fictitious suit, and preventing interveners from obtaining their just dues against garnishees, and compelling them to defend this garnishment suit by retaining attorneys and incurring other expenses, interveners have been damaged in the sum of $250. Interveners prayed that their suit against garnishees and the suit by Kanner against interveners for $760 damages be consolidated with this suit, that they have judgment against garnishees, that Kanner take nothing by his suit, and that they have judgment against Kanner for $250 for the damages occasioned by him as above set out.

The suits were not consolidated. On May 29, 1914, judgment was entered that Kanner take nothing; that garnishees recover of him all costs, including $100, which the court found from the evidence was a reasonable compensation for answering; that Martinez and wife recover of garnishees the fund sought to be subjected to garnishment, which then amounted to $184.30, having been reduced from $464 to said amount by payments made; that Martinez and wife recover of Kanner and the sureties on his garnishment bond, M. Heidemann and Selig Deutschman, the sum of $50, it appearing to the court that Martinez and wife sustained that amount of damages by reason of the wrongful suing out of the writ of garnishment. Kanner was not cited to answer the cross-action contained in the plea of intervention, and the judgment recites that he failed to appear.

Our conclusions of law are as follows:

[1] 1. The district court had jurisdiction of the cross-action, although it was for only $250. The court having jurisdiction of the garnishment suit, such jurisdiction extended to all matters connected with the subject-matter thereof, and it is immaterial that the amount claimed in such cross-action was below the jurisdiction of the court. Sachs v. Goldberg, 159 S. W. 95; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; Stacy v. Campbell, 45 S. W. 759; Watkins v. Citizens' National Bank of Rockwall, 53 Tex. Civ. App. 487, 115 S. W. 304.

[2-4] 2. The cross-action is for the lump sum of $250 for damages alleged to have been suffered on account of the bringing of the suit for $750 damages, and for wrongfully preventing interveners from obtaining their just dues from garnishees, and for compelling them to defend the garnishment suit by retaining attorneys and incurring other expenses. The trial court only permitted a recovery of $50 for wrongfully suing out the writ of garnishment, and it is only necessary to determine whether the pleadings support that judgment. It is impossible to tell what portion of the $250 was sought to be recovered as damages for wrongfully suing out the writ of garnishment, and the only damages alleged to have been suffered by reason of said act arose from the payment of attorney's fees and other expenses. Attorney's fees and expenses in attending court are not recoverable as actual damages. Heimsoth v. Le Suer, 26 S. W. 522. No allegations

were made that the garnishment was sued out without probable cause and maliciously; hence no exemplary damages could be recovered. Pegues Mercantile Co. v. Brown, 145 S. W. 280. As the petition fails to allege the nature of the expenses incurred, so that it may be seen that they were recoverable, and fails to allege any other damages which are recoverable, the allegations must be held insufficient to support any judgment for damages, unless the allowance of interest would follow as a matter of law under the prayer for general relief; it being alleged and found by the court that the suing out of the writ of garnishment was wrongful. But if we concede that the court could have entered a judgment for damages measured by interest, then it is apparent that if he did so the judgment is excessive, because interest on the entire amount of $464 for the time intervening between the service of the writ and the date of the judgment would not amount to $50. Nor can the correct amount be determined because the judgment recites that the amount of $464 had been reduced by payments to $184.30, and no finding is made as to the time when such payments were made.

[5] 3. The court having heard evidence as to the reasonableness of the compensation allowed the garnishees, and there being no statement of facts, the amount allowed by him cannot be held to be excessive. Maury v. McDonald, 55 Tex. Civ. App. 50, 118 S. W. 812; Webb v. Texas Christian University, 48 Tex. Civ. App. 264, 107 S. W. 89.

4. We deem it unnecessary to decide whether Kanner and the sureties on his bond should have been cited to answer the plea of intervention. We find no case which decides the point; but it has been held that pleas in reconvention for damages for suing out an injunction or sequestration can be determined, and judgment rendered against the sureties on the bond, without citing them. Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556; Sharp v. Schmidt, 62 Tex. 264; Wilkinson v. Stanley, 43 S. W. 607. The principal on the bond could occupy no better position than the sureties. No good reason appears why the same rule should not be applied in garnishment cases, and as the garnishment proceeding is a mere incident to the original suit, it probably does not matter whether the plea in reconvention is filed in the original case or in the garnishment suit, provided the defendant is required by the garnishee to interplead in such suit. As a matter of course, such holding could only be applied by analogy to pleas in reconvention for damages covered by the provisions of the bond. The question raised regarding the necessity for service could only affect that part of the judgment awarding Martinez and wife a recovery of $50 against Kanner and Heidemann, which is reversed, and such question will not arise upon another trial.

The judgment in favor of garnishees

against Kanner for $100 is affirmed. The judgment in favor of Martinez and wife against Kanner and Heidemann for $50 is reversed, and the cause made by the plea of intervention reversed for another trial as against said parties. The judgment in favor of Martinez and wife against Selig Deutschman, the other surety upon the bond, not being appealed from, will be affirmed. The costs of the appeal will be taxed as follows: One-half against Kanner, and one-half against Santiago Martinez and Anastacia Martinez.