### SAYEG v. FEDERAL MORTGAGE CO.
### No. 1237.

Court of Civil Appeals of Texas. Waco.
Oct. 13, 1932.

Rehearing Denied Nov. 25, 1932.

See, also, 16 S.W.(2d) 567.

A. R. Stout, of Ennis, and L. M. Rice, of Dallas, for appellant.

Will Hancock, of Waxahachie, Reid & Erhard, of Dallas, and Thompson, Knight, Baker & Harris, of Dallas, for appellee.

ALEXANDER, J.

This suit was brought by Federal Mortgage Company against John M. Sayeg to recover the sum of $1,500 evidenced by a check given by the defendant to the plaintiff. At the time of the filing of the suit, two writs of garnishment were sued out, and the defendant's bank accounts in two of the banks in the city of Ennis were impounded. The defendant, in addition to denying liability on the check, reconvened for damages for the alleged wrongfully suing out of the writs of garnishment. The verdict of the jury on special issues was favorable to plaintiff on both the original suit and the cross-action, and judgment was entered accordingly. The defendant appealed.

In 1926 the appellant procured a loan from the appellee secured by a lien on certain real property in the city of Dallas. In 1927 the appellant, desiring to pay off the loan prematurely, agreed to pay the appellee a bonus of $1,500, and for this purpose executed and delivered to appellee his check for that amount. Immediately after securing a release of the lien on the property he stopped payment on the check. The appellee filed suit and caused the two writs of garnishment to issue. The jury, in addition to finding that the appellant was liable on the $1,500 check, found that the writs of garnishment were not wrongfully sued out.

The appellant presents thirty-two assignments of error, but it will not be necessary to discuss all of them. The appellant contends, among other things, that the court erred in refusing to allow appellant to give evidence as to the amount and kind of property owned by him at the time the writs were sued out. The appellee, in order to secure the writs of garnishment, was required to and did, through one of its agents, make affidavit "that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment." Revised Statutes, art. 4076. If the facts stated in the affidavit were untrue, the writs of garnishment were wrongfully sued out. Barr v. Cardiff, 32 Tex. Civ. App. 495, 75 S. W. 341 (writ refused).

The affidavit for garnishment was made on December 16, 1927, and the writs were issued the following day. The evidence shows without dispute that, at the time of securing the original loan in November, 1926, the appellant delivered to the appellee a financial statement in which it was shown that appellant owned, free of incumbrance, the following property: Homestead in the city of Ennis, $12,000; real estate lease in Dallas, $125,000; business houses in Ennis, $175,000; personal property, stocks and bonds, $65,000; and an annual income of $20,000. On November 9, 1927, approximately one month before the writs were sued out, appellant delivered to appellee an-

other financial statement showing that he had the same income and owned the same unincumbered property as that shown in the 1926 statement, except that the Ennis property was omitted therefrom. The appellee had these financial statements in its possession at the time the writs were sued out. Appellee's principal officers also knew that a few days before the filing of said suit appellant had sold a house and lot in the city of Dallas for $60,000 cash, and, in addition, had received unincumbered real estate in the city of Dallas valued at $15,000; $45,000 of such cash payment was paid to appellee in discharge of its debt. The appellee's office was in the city of Dallas. With the record in this condition, the appellant offered to testify that, at the time the writs of garnishment were sued out he still owned all the property listed in his financial statements, including the five business houses in the city of Ennis of the reasonable value of $175,000, and that all of such property was free of incumbrance. The court excluded the testimony. We presume this testimony was excluded on the theory that there was no direct evidence showing that appellee knew that appellant still owned the property in question. The amount and kind of property actually owned by the appellant at the time the writs were sued out was very material on the question of whether or not appellee or its agents knew that appellant owned property in this state subject to execution sufficient to satisfy its debt. This is particularly true in view of the fact that appellee had been advised approximately one year prior thereto that appellant owned such valuable real property in a county adjoining the county in which appellee's home office was located. A slight examination of the deed records would have easily disclosed whether or not appellant still owned the property at the time the writs were applied for. All of these circumstances should have gone to the jury in order to enable the jury to properly draw the conclusion as to whether or not the writs of garnishment were wrongfully sued out.

While counsel for the appellee was making his closing argument to the jury, he made the following statement: "Whoever heard of stocks and bonds being subject to execution or garnishment? How could stocks and bonds be reached by any process of the law? Whoever heard of a lease being subject to execution and garnishment? He had his worldly goods so tied up that they were not subject to the process of the law, and could not be reached by legal process. I submit to you gentlemen that we only did what we had to do, and that we were justified in getting our money in any way that we could."

The appellant objected to this argument because the same was prejudicial and unwar-

ranted by the facts. The court overruled the objection. There was no testimony that the appellant "had his worldly goods so tied up that they were not subject to the process of the law, and could not be reached by legal process." Such argument was condemned by this court in Bruyere v. Liberty National Bank of Waco, 262 S. W. 844.

The other errors complained of will not likely arise in the same manner upon another trial. On account of the errors hereinabove pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.