**STEVENS v. SIMMONS et al.**

No. 2851.

Court of Civil Appeals of Texas. El Paso.
June 1, 1933.

Wm. Madden Hill, of Dallas, for appellant.
Geo. Sergeant, of Dallas, for appellees.

Statement of Case.

HIGGINS, Justice.

On May 20, 1927, Mrs. Simmons, joined pro forma by her husband, J. J. Simmons, brought this suit No. 68798–C against Conly K. Stevens, setting up the following facts:

The issuance of a life insurance policy by the Southwest Mutual Life Association to George A. Bross, in the sum of $1,000, payable to the estate of the assured; the subsequent assignment of said policy to Mrs. Simmons, with the consent of the association; the death of Bross while the policy was in full force and effect, and that thereafter Stevens, who was at that time an officer of said association, made an assessment to cover the loss in question and collected from the mem-

bers of the association sufficient funds to pay said loss, but refused to pay the same and appropriated the sum collected to his own use and benefit.

That on April 8, 1927, plaintiffs recovered a judgment against said association upon said policy in the sum of $522, which is still unpaid. By reason of Stevens' failure to pay said funds to plaintiff and placing the same in an insolvent bank which failed, Stevens places it beyond the power of plaintiff to collect her debt, and he is therefore personally liable therefor. On June 15, 1928, Mrs. Simmons and her husband dismissed their suit. The order of dismissal was without prejudice to a cross-action set up by Stevens in his answer. Later Stevens filed his second amended original answer and cross-action and a trial amendment. Mrs. Simmons and her husband interposed a general demurrer to the amended cross-action and trial amendment, which demurrer was by the court sustained. Stevens refusing to amend, his cross-action was dismissed. From such order this appeal is prosecuted.

The amended original cross-action reads:

"5. That heretofore to-wit, on the 5th day of November, A. D. 1926, these plaintiffs instituted a suit in the district court of Dallas County, Texas, 14th Judicial District, in cause No. 65746–A, on the docket of said court, for the recovery as beneficiary on a certificate of insurance issued to George A. Bross the defendant in said cause, being Southwest Mutual Life Association of Greenville, Hunt County, Texas, a local mutual aid association under the laws of Texas, and prosecuted said cause to final judgment against said Southwest Mutual Life Association, which judgment was obtained and dated on the 8th day of April A. D. 1927, for the sum of $522.00 with interest thereon from date thereof at the rate of 6 percent per annum and all costs of suit.

"6. That the defendant Conly K. Stevens, is, and was at all times herein mentioned, one of the officers of the said Southwest Mutual Life Association, that said association levied an assessment on its membership to pay to plaintiff as beneficiary on the death of the said George A. Bross, insured, any and all money collected for such purpose not to exceed $1000.00; that as a result thereof there was collected from said assessment the sum of $522.00, and that said money was deposited in the Hunt County State Bank of Greenville, Texas, the regular depository of said Southwest Mutual Life Association, where it deposited all of its mortuary funds, and where the individual funds belonging to this defendant, Conly K. Stevens, were also deposited. That on or about the 18th day of November, A. D. 1926, and while said money was on deposit as aforesaid, said Hunt County State Bank of Greenville, Texas, closed its doors and turned over all its property and as-

sets to Chas. O. Austin, the duly and legally qualified and acting Banking Commissioner of Texas, for the purpose of liquidation.

"7. That thereafter, plaintiffs caused a writ of garnishment to be issued and served on Chas. O. Austin, Banking Commissioner, whereby said plaintiffs impounded in the hands of said Banking Commissioner, as shown by his answer to said writ of garnishment filed May 3, 1927, a sum of money far in excess of said judgment, to-wit, the sum of $6,605.14 belonging to the said Southwest Mutual Life Association, the said defendant in said judgment.

"8. This defendant would further show to the court that on or about April 8, 1927, plaintiff, J. J. Simmons, filed his sworn affidavit in cause No. 68,221–A in the District Court, 14th Judicial District, Dallas County, Texas, styled Mrs. Lena Justice Simmons, et al. vs. The First National Bank of Greenville, Texas, praying for a writ of garnishment to issue to said Bank, stating that she had reason to believe and did believe that said First National Bank of Greenville is indebted to defendant, Southwest Mutual Life Association and has in its hands and possession effects belonging to said defendant, and said defendant having an account with and a deposit in said Bank in the name of the Southwest Mutual Life Association; in the name of Conly K. Stevens & Company (S. M. L. A.) By C. K. Stevens; in the name of Conly K. Stevens and in the name of C. K. Stevens, but all of said funds, deposits and effects belonging to and owned by defendant, Southwest Mutual Life Association. That the First National Bank of Greenville answered said writ of garnishment on the 10th day of May, 1927, stating it had no funds belonging to the defendant, Southwest Mutual Life Association. That it had certain funds belonging to the Ft. Worth Mutual Benevolent Association of Texas, and individual funds of Conly K. Stevens under different deposit names which it set forth in full, and with particularity aggregating approximately $18,600.15. That thereafter, on or about July 5, 1927, J. J. Simmons, as one of the plaintiffs in said suit, filed his controverting affidavit controverting the facts set forth in the garnishee's answer aforesaid, thereby depriving this defendant of the use and control of his personal funds.

"9. This defendant would further show to the court that on or about the 19th day of March, 1928, plaintiffs filed some kind of a plea or petition, making the Greenville National Exchange Bank of Greenville, Texas, a party to said cause, No. 68,221–A, in the District Court, 14th Judicial District of Texas, in and for Dallas County, Texas, wherein Mrs. Lena Justice Simmons, et al, are plaintiffs, and The First National Bank of Greenville, Garnishee, is defendant, alleging said Greenville National Exchange Bank of Greenville, Texas, to be the successor of said First Na-

tional Bank of Greenville, Texas, and thereby continuing said garnishment in force and effect, and continuing to deprive this defendant of the use of his personal funds until on or- about the 15 day of June, 1928, when said plaintiffs, J. J. Simmons and Lena Justice Simmons voluntarily dismissed said garnishment suit.

"10. That on the 5 day of Aug. 1927, said plaintiffs, Lena Justice Simmons and J. J. Simmons filed this suit in the District Court of Dallas County, Texas, wherein they allege that this defendant is and has at all times been legally liable to them for the amount of said judgment obtained by them against the Southwest Mutual Life Association and undertook thereby to compel this defendant to pay said judgment to them out of his personal funds.

"11. This defendant further avers that the suing out the writ of garnishment against the First National Bank of Greenville, Texas, the affidavit controverting the answer of said Bank, the petition or plea making the Greenville National Exchange Bank of Greenville, Texas, a party to said garnishment suit, and the institution of this suit in the District Court of Dallas County, Texas, were each and all done maliciously and wantonly and for the purpose of harassing, annoying and injuring this defendant and injuring his credit and standing in the community, and with total disregard of this defendant's rights, in pursuance of efforts to compel this defendant to pay off and satisfy said judgment out of his personal funds and this defendant further avers that said acts and conduct of plaintiffs were made and done with full knowledge that long prior thereto they had impounded funds in the hands of the Banking Commissioner of Texas, largely in excess of the judgment in cause No. 65,746–A, as herein alleged.

"12. This defendant further avers that by reason of the conduct of plaintiffs in bringing said suits and depriving this defendant of the use of his funds by said garnishment proceedings, he has been compelled to expend large sums of money in defense thereof, to-wit: about $500.00. That he has been deprived of the use of his personal funds in said bank for many months, and that the use of such money is reasonably worth the sum of $1146.20. That he has been compelled to hire counsel to protect his rights and has paid out large sums therefor and has paid out large sums for traveling expenses in connection with said suits, to-wit: $500.00 all to his actual damages in the sum of $2146.20.

"13. This defendant further says that because of the wanton, malicious, wrongful and negligent acts and conduct of plaintiffs in suing out and levying said writs of garnishment, and the institution of this suit without probable cause and with the intent and purpose of harassing, annoying and injuring this defendant, he has been damaged in the further sum of $5,000.00 exemplary or punitive damages."

In a supplemental pleading Stevens alleged:

"For further answer herein, if such be necessary, this defendant, Conly K. Stevens, says and shows to the court that he at no time was liable personally for the payment of any judgment that was obtained by the plaintiffs, J. J. Simmons and Mrs. Lena Justice Simmons, but that said Southwest Mutual Life Association, as was well known to the plaintiffs, was the only party, firm, or association liable to them by reason of any cause of action which they might have had and that the said Conly K. Stevens, in accordance with law, did duly and legally cause an assessment to be made of the policy holders in said association for the purpose of paying off and discharging the claim and cause of action of the plaintiffs, J. J. Simmons and Lena Justice Simmons, and in accordance with his position as a mere trustee for said company and its policy holders, did place the same as a Special Trust Fund in the bank at Greenville. That he at no time appropriated or misappropriated said money to his own use and benefit and that he at no time became personally liable to the plaintiffs herein for the payment of same, all of which was to the plaintiffs well known, but in spite of said knowledge or in total disregard of the rights of this defendant, these plaintiffs caused the said garnishment writs as set out in the cross-action herein, to be run only against the account of the association but against the individual account of this defendant, as well as against other trust funds in said bank and did maliciously tie up said other accounts for the purpose of annoying and harrassing this defendant.

"Wherefore, this defendant prays as in his original cross-action in this cause, for his damages by reason of the detention of his money and for exemplary damages by reason of the malicious bringing and prosecution of said suits."

A trial amendment to the amended original cross-action adds the following allegations: "11–a. That the actions and proceedings of the plaintiffs herein in filing said application for writ of garnishment against said First National Bank of Greenville, and in detaining the funds in said bank in the various names hereinbefore set out, and in continuing to detain said funds which were not the property of the defendant, Southwest Mutual Life Association but the property of the Fort Worth Mutual Benevolent Association of Texas, and the individual funds of Conly K. Stevens, and in failing to discharge said bank upon said answer and in controverting said answer and in detaining and withholding said funds from the defendant during said period, and in making the successor of the original garnishee, the Greenville National Exchange Bank of Greenville, Texas, a party to said cause, and in this manner continuing said

garnishment in full force and effect and continuing to deprive this defendant of the use of his personal funds, and that all of said acts aforesaid were willful, wrongful, malicious and wanton and in gross disregard of the rights of the defendant herein. That said allegations to the effect that said funds in said bank in the names set out in said application were not true and that said actions were taken further detaining and withholding said funds from this defendant·after said bank had answered disclosing the facts that said funds were not the property of the Southwest Mutual Life Association and all of said proceedings were taken after this defendant had advised these plaintiffs and they had knowledge that the only sums of money to which they were entitled were in the Hunt County State Bank of Greenville, Texas, and that the actions of the plaintiffs with respect to said garnishment suit after May 3rd, 1927, were taken with knowledge that said Hunt County State Bank held and had the sum of $6.605.14 belonging to the Southwest Mutual Life Association, who was the defendant in said judgment. That in none of said garnishment proceedings was this defendant an original party defendant. That he had no connection therewith as an individual and that these plaintiffs had no right by garnishment or otherwise to attach, detain or convert the property of this defendant."  ·

### Opinion.

■ An action for damages will not lie for the prosecution of civil suits, with malice and without probable cause, unless the person sued has suffered some interference with his person or property by reason of the suits. Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153; Johnson v. King & Davidson, 64 Tex. 226.

■ So far as concerns the institution and prosecution of the present suit by Mr. and Mrs. Simmons, the cross-action states no cause of action, for it is not shown that it has in any wise interfered with the person or property of Stevens. But the wrongful use of civil process is a different thing from the mere institution and prosecution of a groundless suit. The question here narrows to the inquiry whether the impounding of defendant's money by the writ of garnishment is actionable upon the facts alleged.

■ The remedy by garnishment is statutory, and where the grounds upon which the writ is sued out in fact existed, the writ is rightfully issued and no action for damages will lie in behalf of the principal debtor. Pegues Mercantile Co. v. Brown (Tex. Civ. App.) 145 S. W. 280.

■■ On the other hand, if such grounds did not in fact exist,.then the writ is wrongfully issued and an action will lie for the actual damages sustained, and in· cases of malice and want of probable cause, exemplary damages are likewise recoverable. Barr v. Cardiff, 32 Tex. Civ. App. 495, 75 S. W. 341; Pegues Mercantile Co. v. Brown, supra; and cases cited in 2 Michie Digest, 485, under the title of Attachment.

■ In case of wrongful garnishment it is, of course, necessary for the plaintiff to allege facts to show its wrongful nature. Pegues Mercantile Co. v. Brown, supra.

Actions to recover damages for wrongful garnishment usually arise between the principal debtor and the plaintiff in the writ. The present case is out of the ordinary, in that Stevens was a stranger to the suit brought by Mrs. Simmons and husband against the Southwest Mutual Life Association to which suit the writ was ancillary. The·present suit had not then been filed by. Mr. and Mrs. Simmons.

■ But there can be no good reason why a stranger to the writ whose money has been impounded by garnishment is not in a position as favorable as a principal debtor and entitled to maintain an action for damages in case the writ was wrongfully issued and his. money wrongfully impounded.

The allegations concerning the affidavit upon which the writ was issued are somewhat confusing, but we construe the same to mean that the affidavit was that Mrs. Simmons had· reason to believe, and did believe, that the First National Bank of Greenville was indebted to the Southwest Mutual Life Association and had in its hands and possession effects belonging to said association and said association had an account with and a deposit in said bank in its own name and in the name of Conly K. Stevens & Co. (S. M. L. A.) by C. K. Stevens, in the name of Conly K. Stevens, and in the name of C. K. Stevens; but all of said funds, deposits, and effects belonging to and owned by defendant Southwest Mutual Life Association.

■ If said affidavit was true, the deposits in the names of Conly K. Stevens & Co., Conly K. Stevens, and C. K. Stevens were subject to the writ; such writ was rightfully issued; the funds rightfully impounded; and Mrs. Simmons and husband, under the authorities cited above, incurred no liability.

■ There is no allegation in the second amended original cross-action that the facts stated in the affidavit were untrue, and such pleading for that reason fails to show a wrongful issuance of the writ and impounding of the funds belonging to and deposited in the name of Stevens. It, therefore, states no cause of action. Pegues Mercantile Co. v. Brown, supra.

■ But this defect was cured by the averments contained in the trial amendment. This amendment does not very clearly state the facts, but upon general demurrer every reasonable intendment is indulged in favor

of the pleading assailed by the demurrer. The import of certain of the allegations in the trial amendment is that the impounded funds were not the property of the Southwest Mutual Benevolent Association, but the property of the Fort Worth Mutual Benefit Association of Texas and the individual funds of Conly K. Stevens. These averments show that the allegations in the affidavit for the garnishment were untrue, and upon such allegations it follows the writ was wrongfully issued and served, the funds wrongfully impounded thereby, and a cause of action stated for the actual damages sustained.

Expenses and attorney's fees alleged in the twelfth paragraph of the cross-action are not recoverable as actual damages. Heidemann v. Martinez (Tex. Civ. App.) 173 S. W. 1166.

The reasonable value of the use of the plaintiff's money during the period it was impounded by the writ is recoverable as such damages. This value is alleged to be $1,146.20. Such value is the legal rate of interest during the impounded period. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

Passing now to the right to recover exemplary damages, it was necessary to allege that the garnishment process was used maliciously and without probable cause. Biering v. First National Bank, 69 Tex. 599, 7 S. W. 90.

Malice is alleged, but the case last cited is authority for the settled proposition that want of probable cause is not to be inferred from malice.

The only allegation in the amended original cross-action concerning the want of probable cause is found in the thirteenth section, where it is inferentially averred that the institution of this suit was without probable cause.

As already stated, the institution of this suit by Mr. and Mrs. Simmons is not actionable because it is not shown to have interfered with the person or property of Stevens.

There is no direct averment in the trial amendment showing a want of probable cause in the use of the garnishment process, but possibly in such amendment it is inferentially shown that Mr. and Mrs. Simmons resorted to the garnishment with knowledge that the funds they sought to impound and did impound were not subject to the writ. If they had such knowledge, they acted without probable cause.

But irrespective of the sufficiency of the allegations upon the issue of exemplary damages the amended cross-action and the trial amendment state a cause of action for wrongful garnishment and the actual damages thereby sustained.

Appellees in their brief say: "If every-thing appellant claims is true and appellees had been guilty of the worst character of wrong, the extent of their liability would have been for only six per cent of the money lawfully impounded ($1096.00) with six per cent interest per annum during the five and one-half (5½) months (April 9 to September 24) that it was impounded which would have amounted to $30.14—a sum far below the jurisdiction of the District Court."

This suggestion is without merit. The writ, after its service, impounded all of the funds in the Bank deposited in the name of Stevens. Article 4084, R. S. The cross-action shows the funds were impounded more than a year. The affidavit in garnishment was filed April 8, 1927; the garnishee answered May 10, 1927; and the garnishment not dismissed until June 15, 1928.

It follows the demurrer was erroneously sustained.

Reversed and remanded.